IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER GIFFORD,<br><br>        Plaintiff,<br><br>    v.<br><br>HORNBROOK FIRE PROTECTION DISTRICT, et al.,<br><br>        Defendants. | No. 2:16-CV-0596-JAM-DMC<br><br><br>ORDER |

        Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court are plaintiff's motion to strike defendants' answer to the first amended complaint (ECF No. 30) and defendants' motion for judgment on the pleadings (ECF No. 31). Plaintiff's motion to strike was submitted without oral argument. Defendants' motion for judgment on the pleadings was set for hearing on September 11, 2019, at 10:00 a.m., before the undersigned in Redding, California. John R. Powell, Esq., appeared for defendants. Plaintiff did not appear. No oral argument was conducted and defendants' motion was submitted.

/ / /

/ / /

/ / /

/ / /

1

# I. BACKGROUND

## A. Procedural History

Plaintiff initiated this action on March 22, 2016. See ECF No. 1. Thereafter, the court granted plaintiff's application for leave to proceed in forma pauperis, see ECF No. 3, and directed the Clerk of the Court to issue process for service on Hornbrook Fire Protection District, Woodrow Mattingly, Adria Buckley, Sharon Morin, Lee Buckley, and Joseph Hott, see ECF No. 5. Service of process was returned executed as to defendant Hott on December 19, 2018. See ECF No. 10. Defendant Hott failed to file a timely response to plaintiff's complaint and his default was entered on February 25, 2019. See ECF No. 12. Service of process was returned executed as to defendants Adria Buckey, Lee Buckley, and Hornbrook Fire Protection District on March 25, 2019. See ECF Nos. 16 and 17.

On April 8, 2019, defendants Hornbrook Fire Protection District, Adria Buckley, and Sharon Morin filed an answer to plaintiff's complaint. See ECF No. 19. On April 19, 2019, plaintiff filed his first amended complaint. See ECF No. 23. Plaintiff names the following as defendants: (1) Hornbrook Fire Protection District; (2) Adria Buckley; (3) Sharon Morin; (4) Lee Buckley; and (5) Joseph Hott. See id. at 1. Woodrow Mattingly is not named in the first amended complaint. Defendants Hornbrook Fire Protection District, Adria Buckley, Sharon Morin, and Joseph Hott filed an answer to plaintiff's first amended complaint on May 7, 2019.[1]

Though defendant Lee Buckley appears to have been served but not to have timely appeared, plaintiff has not sought this defendant's default.

///
///
///
//

---

[1] Defendant Hott's default was entered following his failure to timely respond to the original complaint. Because plaintiff filed a superseding first amended complaint which defendant Hott timely answered, defendant Hott is no longer in default in this matter.

2

**B.** **Plaintiff's Allegations**

According to plaintiff, this court has subject-matter jurisdiction because his claims arise under the First Amendment, the Fourth Amendment, the Fourteenth Amendment, 42 U.S.C. §§ 1983, 1985, 1986, and 1988, as well as the Fair Labor standard Act, 18 U.S.C. §§ 1513(e) and 1846. See id. at 2. Plaintiff alleges the following nine federal claims:

| | | |
|---|---|---|
| Count I | | Violation of Plaintiff's Right to Freedom of Speech and Petition. |
| Count II | | Violations of Plaintiff's Right to Due Process and to Equal Protection of the Laws; Unlawful Seizure. |
| Count III | | Deprivation of Right to Free Speech and Petition – Right to Vote. |
| Count IV | | Deprivation of Right to Vote – Conspiracy for Deprivation of Rights – 42 U.S.C. 1985. |
| Count V | | Violation of Rights to Due Process, Equal Protection, Free Speech and petition, and Liberty Interests as to Hornbrook Fire Protection District (HFPD), Board Defendants. |
| Count VI | | Violation of Title VII of the Civil Rights Act – Unlawful Retaliation. |
| Count VII | | Retaliation in Employment by HFPD, Board Defendants; 42 U.S.C. 300j-9(i). |
| Count VIII | | Retaliation by HFPD and Board Defendants; 18 U.S.C. 1513(e). |
| Count IX | | Violation of 42 U.S.C. 1985 as to HFPD, Board Defendants. |

See ECF No. 23, pgs.13-26.

Plaintiff also alleges 12 state law claims. See id. at 26-36.

Initially, plaintiff states:

> The primary thrust of this action is that the defendants, in attempting to dominate and control the tiny Hornbrook Fire Protection District, acted to stifle, interfere with, intimidate, coerce, retaliate against, and oppress Plaintiff Gifford. . . . while also suffering retaliation in his employment with the HFPD, while being denied various notices, procedures, review, and other due process afforded him by the HFPD Bylaws, and his contract with the District. . . .

Id., at 1-2.

///

3

The factual predicate of plaintiff's lawsuit appears to be his efforts to bring what he considered needed reform to HFPD. Generally, plaintiff alleges the following:

> 1. The action is based on plaintiff's interactions with defendants which began two years prior to the filing of the action when plaintiff was a member of the Board of Directors of HFPD.
>
> 2. HFPD is woefully underfunded, undermanned, and underequipped and is a "remnant of bygone days, serving a tiny community of some 400 people next to the Oregon border in Northern California."
>
> 3. Most actual firefighting is done by CalFire.
>
> 4. During plaintiff's tenure on the Board of Directed of HFPD, he and others attempted to impose new policies and procedures to account for the unauthorized use of HFPD equipment and vehicles for personal gain. Plaintiff and others also sought to acquire new land and facilities for the benefit of HFPD.
>
> 5. The HFPD "firehouse" is ramshackle, has dirt floors, no running water, and has been condemned as unsafe.
>
> 6. As part of the "clean-up," plaintiff and others investigated numerous incidents of misuse, theft, and falsification of records by Adria Kirk-Buckley, then a firefighter, and Lee Buckley, then the acting fire chief. As part of this investigation, plaintiff made detailed reports to the Siskiyou County Sheriff's Department.
>
> 7. Plaintiff alleges that the Buckleys surrendered "a filing cabinet, public record, radios, and other HFPD equipment to the Siskiyou County Sheriff." According to plaintiff, "[t]hat property was retrieved from the Sheriff by the Plaintiff on behalf of the HFPD."
>
> 8. The Buckleys were found "responsible for some of the charges" after "noticed hearing." According to plaintiff, "the Board also made multiple findings and determinations concerning all three defendants [defendant Hott and the Buckleys]."
>
> 9. In the wake of these findings, the HFPD bylaws were modified over the course of the next "year or so." These modifications provided for "rigid accountability and tracking requirements. . . ."
>
> 10. During the time the bylaws were being modified, plaintiff resigned as a member of the board "in order to undertake more direct administrative duties regarding the District. . . ." Plaintiff later accepted the position of "Administrator/General Manager," a position created to streamline procedures for the HFPD. The duties, authority, and limitations on this position were outlined in an amendment to the HFPD bylaws.

ECF No. 23, pgs. 4-5

/ / /

/ / /

4

The "others" referenced by plaintiff include Kimberly Olson and Peter Harrell, see id. at 10, both of whom have been frequent pro se litigants in this court. In particular, with regard to Olson and Harrell, plaintiff alleges:

> Plaintiff alleges that each act complained of herein by the HFPD, the Board Defendants, and/or each and any of the other individual Defendants (as applicable) was undertaken by them in furtherance of, and/or pursuant to, a policy, decision, custom, or practice either officially, or unofficially, promulgated, adopted, and/or ratified by the Board Defendants (and thus the HFPD), and was executed using the authority granted to the Board Defendants under State Law. Further, each of the Defendants receive (often multiple) notices from Plaintiff, Kimberly Olson, Peter Harrell, and other members of the public, that their conduct as set forth herein was illegal and violated statutory and Constitutional rights, and yet they all continued to act wrongfully. . . .

ECF No. 23, pg. 10.

According to plaintiff, the events giving rise to his claims began in December 2015. See id. at 4. Specifically, plaintiff alleges the following:

> 1. The Board Defendants took office on December 4, 2015. Outside any noticed hearing, their first order of business named Lee Buckley the Acting Chief of HFPD.
>
> 2. Lee Buckley began handing out radios and other HFPD equipment to "assorted persons and friends" of Adria Kirk-Buckley and Lee Buckley "without requiring signatures, logs, other accountability mechanisms, nor compliance with the relevant portions of the HFPD Bylaws. . . ." Plaintiff also claims the HFPD board "permitted and encouraged the driving of various uncertified, unlicensed, and uninsured HFPD vehicles. . . ."
>
> 3. Shortly thereafter, the board took actions to quash applications to the BLM for new land and a new firehouse "and took a series of (ongoing) various actions" in violation of the HFPD bylaws and other applicable laws. Plaintiff also alleges the Board Defendants retaliated against him for the purpose of terminating him from his position as Administrator/General Manager.
>
> 4. Plaintiff alleges "[t]he most egregious violation of the Bylaws, due process, and right to petition of Plaintiff, and those similarly situated, however, has been the repeated attempts by the Board Defendants to revoke the authority granted to the electors of the District to control by direct vote certain portions of the Bylaws and the anti-corrupt provisions found therein."

Id. at 5-6.

/ / /

/ / /

1 | Plaintiff alleges the Board Defendants held improperly noticed meetings of the HFPD board in December 2015, January 2016, and February 2016. See id. at 6. According to plaintiff, at these meetings, and "at several held thereafter," the Board Defendants "attempted to disenfranchise, and interfere with, the right to vote of Plaintiff, and each elector within the HFPD boundaries by modifying, revoking, without voter approval, certain provisions of the HFPD Bylaws which specify that they may not be revoked or altered without approval by the voters of the District." ECF No. 23, pg. 7. Plaintiff further alleges the foregoing was accomplished by way of a conspiracy among defendants to deprive him of his civil rights. See id. at 8-10.

## II. DISCUSSION

Defendants seek judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Judgment on the pleadings is appropriate when, even if all the allegations in the pleadings under attack are true, the moving party is entitled to judgment as a matter of law. See Honey v. Distelrath, 195 F.3d 531, 532-33 (9th Cir. 1999). Motions for judgment on the pleadings are evaluated under the same standards as motions to dismiss pursuant to Rule 12(b)(6). See Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).

In considering a Rule 13(b)(6) motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

///

The court generally may not consider materials outside the complaint and pleadings when deciding a Rule 12(b)(6) motion. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

**A.   Federal Claims**

As outlined above, plaintiff alleges his nine federal claims arise under the First Amendment, the Fourth Amendment, the Fourteenth Amendment, 42 U.S.C. §§ 1983, 1985, 1986, and 1988, as well as the Fair Labor Standard Act, 18 U.S.C. §§ 1513(e) and 1846. See ECF No. 23 at 2. Defendants argue they are entitled to judgment on the pleadings as to each claim.

1.   Claim I

Plaintiff alleges defendants violated his rights under the First Amendment to freedom of speech and to petition the government for redress of grievances. See id. at 13-15. Citing Eng v. Cooley, 552 F.3d 1062 (9th Cir. 2009), Connick v. Myers, 461 U.S. 138 (1983), and Coomes v. Edmonds Sch. Dist. No. 15, 816 F.3d 1255 (9th Cir. 2015), defendants contend they are entitled to judgment on the pleadings on this claim because "Plaintiff explicitly alleges that his speech activity was in [sic] conducted within the course and scope of his duties as a public official." ECF No. 31-1, pg. 3.

/ / /

/ / /

Defendants' argument is unpersuasive as to Claim I. At the outset, defendants misstate the nature of plaintiff's claim. According to defendants: "Plaintiff alleges that he was retaliated against by the Defendants for exercising his First Amendment rights of speech and petition." ECF No. 31-1, pg. 3. In Claim I, plaintiff does not, however, allege retaliation as a basis of his First Amendment claim. Rather, plaintiff alleges defendants' conduct violated his right to petition the government for redress. Contrary to the premise of defendants' argument, Claim I is about how defendants stifled plaintiff's First Amendment petition rights, whatever he may have said or wanted to say, not about anything plaintiff actually said, in the course of his public employment or not.

Even if Claim I concerned what plaintiff actually said, the court does not agree that the pleadings are conclusive as to the motivation of plaintiff's speech. According to defendants, plaintiff admits he was engaged in speech activity as a public official. See ECF No. 31-1, pg. 3. In support of this contention, defendants cite to footnote 32 of plaintiff's first amended complaint wherein plaintiff states: "As a public official and public employee, Plaintiff has a duty to interact and express his views in service to the HFPD constituents and the public good." See ECF No. 23, pg. 15, n 32. While plaintiff believes he has a duty as a public official, this does not preclude that plaintiff rightfully believes he also has rights as a private citizen. In this regard, the first amended complaint is replete with allegations from which the court can reasonably infer that plaintiff's allegations in Claim I derive from the latter and not the former.

Defendants' motion for judgment on the pleadings should be denied as to Claim I.

    2.  <u>Claim II</u>

In Claim II, plaintiff alleges violation of his rights to due process. See ECF No. 23, pgs. 15-18. According to plaintiff, he was effectively shut-out of HFPD board business even though he was a public official of the board. See id. at 16. He also claims defendants' conduct impeded his duties as the Administrator/General Manager of HFPD. See id. Plaintiff alleges he was denied "due process and equal protection" relating to "adverse administrative

hearings and actions against him. . . ." Id. Plaintiff claims the "unlawful seizure" of his authority as a public employee. Id. at 17. According to plaintiff, defendants' conduct has also resulted in damage with respect to the "marketability of his interest in real property. . . ." Id.

Citing Wright v. Riverland, 219 F.3d 905 (9th Cir. 2000), defendants contend plaintiff cannot sustain any due process claims because he has not alleged deprivation of a property interest. See ECF No. 31-1, pg. 4. The court agrees. As to the marketability of plaintiff's property, government action which reduces the value of property, as opposed to action which "takes" property or renders it valueless, is not actionable. As to plaintiff's employment as HPFD's Administrator/General Manager, plaintiff cannot sustain a due process claim to the extent he served on a volunteer basis.

The court also notes that, in addition to the property interests discussed above, plaintiff generally alleges deprivation of a liberty interest in that he claims he was essentially shut-out of participation, whether as a public official or as a private citizen to the extent plaintiff claims proper public notice of meetings was not provided. While such claims may be subsumed in plaintiff's First Amendment petition claim discussed above, it is possible plaintiff may be able to amend to allege additional facts sufficient to establish an independent liberty interest in support of his due process claim. Plaintiff should be granted leave to amend as to Claim II.

3. Claim III

In Claim III, plaintiff alleges defendants' conduct deprived him the right to vote, in violation of the First Amendment and in violation of his due process rights under the Fourteenth Amendment. See ECF No. 23, pgs. 18-20. According to plaintiff, defendants disenfranchised him by changing provisions in the HPFD bylaws without voter approval that required voter approval to change. See id. Without citing any authority, defendants contend plaintiff cannot maintain an action for relief under § 1983 based on alleged changes in local elections. See ECF No. 31-1, pg. 5. Citing Bogan v. Scott-Harris, 523 U.S. 44, 49 (1998), defendants also argue local legislators are immune from suit based on legislative activity, such as changing HPFD bylaws.

Defendants' arguments are not persuasive. First, plaintiff's allegations do not challenge changes to the election laws. Instead, plaintiff contends the Board Defendants improperly altered HPFD's bylaws without voter approval. Second, the court does not accept that improperly changing HFPD's bylaws without voter approval constitutes permissible legislative activity for which defendants would enjoy immunity from suit.

Defendants' motion for judgment on the pleadings should be denied as to Claim III.

### 4. Claim IV

In Claim IV, plaintiff contends defendants engaged in a conspiracy to deprive him of his right to vote, in violation of 42 U.S.C. § 1985. See ECF No. 23, pgs. 20-21. Defendants argue plaintiff cannot maintain a conspiracy claim under § 1985 because he does not allege the deprivation was accomplished by force, fear, or intimidation. See ECF No. 31-1, pg. 5. Defendants' argument is persuasive. Under § 1985(c), liability exists where two or more people "conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States." In this case, plaintiff alleges he was deprived the right to vote by improper changes to HFPD's bylaws, not by force, intimidation, or threat. Moreover, plaintiff does not allege we was denied the right to vote with respect to an election for President, Vice President, Senator, or Member of the House of Representatives.

Defendants' motion for judgment on the pleadings should be granted as to Claim IV.

///
///
///
///

5. <u>Claim V</u>

In Claim V, plaintiff alleges defendants violated his rights to due process, equal protection, free speech and petition, and liberty. <u>See</u> ECF No. 23, pgs. 21-22. In particular, plaintiff claims defendants' conduct was retaliatory. <u>See</u> <u>id.</u> at 22. Defendants renew their argument that they cannot be liable because plaintiff's speech was made in the course and scope of his employment as a public official. <u>See</u> ECF No. 31-1, pg. 6. Defendants also argue plaintiff's allegation that retaliation may be presumed based on the short time span between his protected speech and defendants' adverse conduct, particularly that conduct alleged with respect to termination of plaintiff's position as Administrator/ General Manager of HFPD, is insufficient. <u>See</u> <u>id.</u> According to defendants, it is plaintiff's burden to prove protected activity was a substantial and motivating factor in the adverse action. <u>See</u> <u>id.</u>

Defendants' first argument is unpersuasive because, as discussed above, it is reasonable to infer from the totality of plaintiff's allegations that his protected speech was made in his capacity is a private citizen as well as pursuant to a duty he believed he owed the public arising from his official capacity. Defendants' second argument is unpersuasive because, while plaintiff has the ultimate burden of providing sufficient evidence to prove he suffered adverse action as a result of his protected activity, at the pleading stage of the case where the court must presume plaintiff's allegations are true, plaintiff has met his burden of notice pleading under Federal Rule of Civil Procedure 8. Specifically, the court must accept as true that plaintiff began suffering adverse actions within a short time of his protected speech and it is reasonable to infer from the short time period between the two that the adverse action was the result of his protected speech.

Defendants' motion for judgment on the pleadings should be denied as to Claim V.

/ / /

/ / /

/ / /

/ / /

### 6. Claim VI

In Claim VI, plaintiff alleges retaliation in violation of Title VII of the Civil Rights Act of 1964. See ECF No. 23, pgs. 22-23. Defendants argue Title VII is inapplicable. See ECF No. 31-1, pg. 6. As defendants note, Title VII only provides a right of action for retaliation against employees who oppose employment discrimination practices forbidden by Title VII. See 42 U.S.C. § 2000e-3(a). Defendants' argument is persuasive because plaintiff does not allege he opposed discriminatory employment practices of his employer. Defendants' motion for judgment on the pleadings should be granted as to Claim VI.

### 7. Claim VII

In Claim VII, plaintiff alleges defendants violated 42 U.S.C. § 300j-9(i). See ECF No. 23, pgs. 23-24. Defendants argue 42 U.S.C. § 300j-9(i) is inapplicable to this action. See ECF No. 31-1, pg. 7. Under 42 U.S.C. § 300j-9(i), a right of action exists for retaliation with respect to actions to enforce clean drinking water regulations. Defendants' argument that this provision is inapplicable to the instant case is persuasive because plaintiff does not allege he commenced any action relating to enforcement of clean drinking water regulations. Defendants' motion for judgment on the pleadings should be granted as to Claim VII.

### 8. Claim VIII

In Claim VIII, plaintiff alleges defendants violated 18 U.S.C. § 1513(e). See ECF No. 23, pg. 24. Defendants also argue this provision is inapplicable because it provides for criminal liability and not a private civil right of action. See ECF No. 31-1, pg. 7. This argument is persuasive and defendants' motion for judgment on the pleading should be granted as to Claim VIII.

### 9. Claim IX

In Claim IX, plaintiff again contends defendants engaged in a conspiracy in violation of 42 U.S.C. § 1985. See ECF No. 23, pgs. 25-26. Specifically, plaintiff alleges defendants violated § 1985 by conspiring to interfere with his position as Administrator/ General Manager of HFPD. See id. at 25. Under 42 U.S.C. § 1985(1), liability exists for a conspiracy to interfere with a federal officer's duties by force, intimidation, or threat. As

defendants note, plaintiff does not allege force, intimidation, or threat, nor does plaintiff allege he was a federal officer. See ECF No. 31-1, pg. 7. Defendants' motion for judgment on the pleadings should be granted as to Claim IX.

    **B.**    **State Law Claims**

Because plaintiff should be granted leave to amend as to his federal claims, consideration of defendants' arguments concerning plaintiff's state law claims is premature to the extent those claims are not contained in a further amended complaint. Defendants will have an opportunity to challenge any state law claims raised in a further amended complaint should they elect to do so.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendants' motion for judgment on the pleadings (ECF No. 31) be granted in part and denied in part;

2. Plaintiff's first amended complaint be dismissed with leave to amend; and

3. Plaintiff's motion to strike defendants' answer to the first amended complaint (ECF No. 30) be denied as moot and without prejudice to challenging defendants' answer to any second amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 1, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE