Roger J. Gifford, Pro Se
15226 Hornbrook Rd.
Hornbrook, CA 96044
530-340-1395



2:16-cv-00596-DAD-DMC



THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Roger J. Gifford, | Case No: 2:16-CV-00596-JAM-DMC |
| Plaintiff, | PLAINTIFF'S OPPOSITION TO FRCP 12(b) MOTION OF DEFENDANTS TO TAC |
| vs. | |
| Hornbrook Fire Protection District, et al Defendants, | Date: Per Court's Order (ECF #68) No Oral Argument Set |

COMES NOW the Plaintiff, Roger J. Gifford ("Plaintiff" or "Gifford"), and files this Opposition to the FRCivP 12(b) Motion ("Motion"), ECF #66, by the Hornbrook Fire Protection District Defendants ("Defendants", "HFPD", or "District") against the Third Amended Complaint ("TAC"), ECF #65.

Initially, Plaintiff points out that this Motion mostly rehashes prior attacks on Plaintiff's causes of action, <u>even those that this Court has already denied</u> as to the prior FRCivP 12 motions (some more than once), and several of those repeated attacks being duplicative of those arguments (concerning the Federal causes of action) that were already heard and decided by this Court in regards to the long-previously-filed FRCP 12(c) Motion (ECF #31), and in the attack on the SAC via the last 12(b) by the Defense, ECF #48. It is not proper to repeatedly challenge those causes of action for which the Court previously denied the Rule 12(c) Motion, and prior 12(b) motions outright. (See, e.g., prior Order, ECF #41, pp.7-11; also ECF #56.) As the Court also noted in its prior Order (at pp.6-7), the applicable standards of a 12(c) and a 12(b)(6) motion are the same.

This means that Plaintiff's complaint has already passed muster in several of the Federal and pendent state causes of action set forth in the SAC, and as renewed in the TAC, while the Defendants are not entitled to serial dispositive motions as to them (FRCP, Rule 12(g)). More importantly, the request in the current Motion to dismiss the TAC, and to dismiss "the entire action" is, on that basis, clearly completely frivolous.

Specifically, the Federal[1] causes of action in the FAC for which this Court denied the prior Rule 12(c) Motion outright were Claims ("Counts" as identified in the FAC) I, III, and V. This Court also granted leave to amend to Plaintiff on Claim II. In the SAC, Plaintiff retained former Claims I, II, III, and V as Claims ("Counts") I, II, III, and IV. As to the HFPD's Rule 12(b) Motion to the SAC, this Court denied the Motion outright as to causes of action it identified therein as federal Count 1, and pendent state claims Counts I, IV, V[2], IX[3], X (contractual breach), and XII. Remaining Counts were dismissed with leave to amend, with the exception of Count III of the state law claims, which was dismissed without leave to amend, and some subparts of the forgoing claims as identified in the footnotes.

Taking the Court's criticisms and suggestions to heart, Plaintiff abandoned some claims (i.e., direct causes of action under the Brown Act), broke apart more complex, confusing, and convoluted claims into separate claims; and, attempted to more clearly (and accurately) label and state his claims. For example, the Defense Motion (at page 2) takes issue with Plaintiff's federal conspiracy claim because it includes in the heading a reference to 42 USC 1985 - stating the Plaintiff has put back into his complaint a cause of action that was stricken from the FAC (see ECF #23, p.20, ¶61; c.f., Order, ECF #41, p.10).

However, the prior claim lay in a direct conspiracy against *voting*, which has as an element the use of "force, fear, or intimidation", and applies only to certain elections. The current 42 USC 1985 claim - part of a "conspiracy" claim that also encompasses a section 1983 claim[4] - is <u>based upon *due process* violations</u>, and so the "force" (etc) language **does not apply**. Instead, section 1985 provides in pertinent part that:

> "<u>If two or more persons in any State or Territory conspire</u> or go in disguise on the highway or on the premises of another, <u>for the purpose of depriving, either directly or indirectly, any person</u> or class of persons of <u>the equal protection of the laws, or of equal privileges and immunities under the laws;</u>... <u>in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy</u>, whereby another <u>is injured in his person or property, or deprived of having and exercising any right or privilege</u> of a citizen of the United States, <u>the party so injured or deprived may have an action for the recovery of

---

[1] The Court at that time declined to address the pendent causes of action pending the filing of the SAC and the anticipated further attacks by the Defendants on that pleading. (ECF #41, p.13.)
[2] The Court granted the 12(b) Motion <u>as to money damages</u> only related to this Count, but allowed non-monetary relief sought to stand.
[3] Besides denying the Motion as to private nuisance, a cause of action for nuisance *per se* was dismissed outright, while another for public nuisance was granted with leave to amend.
[4] See, i.e., TAC, ECF #65, pp.2, fn9; 7, 9-11, 15-18, 20-24, 26-27 at paragraphs 81-82.

<u>damages occasioned by such injury or deprivation</u>, against any one or more of the conspirators." (42 USC 1985(3), all emphasis added.)

It is irrelevant that **one** of the <u>several</u> due process violations alleged as the object of the unlawful/wrongful conspiracy by the Defendants against Plaintiff involved voting - it is still a *due process* violation, because ultimately Plaintiff alleged that a substantial right(s) was granted him and the other electors via the adoption of certain parts of the Bylaws of the HFPD, and that the Defendants thereafter failed to follow the process they were thereafter <u>required</u> to abide by. The adoption of certain sections of the HFPD Bylaws, which provisions were specifically adopted to impose a "significant substantive restriction" on the discretion, powers, and potential actions of the Board in certain ways (including, but not limited to voting on certain matters), also deliberately granted substantial rights to Plaintiff and the other electors of the District - one of which is the right to vote on certain things, including any changes to specific sections and provisions of the Bylaws (which the TAC alleges were ignored and circumvented by the Defendants as <u>part</u> of the conspiracy to deprive Plaintiff of his rights).

A property interest in a benefit protected by the due process clause results from a "legitimate claim of entitlement" created and defined by an independent source, such as state or federal law. (*Board of Regents v. Roth*, 408 U.S. 92 S.Ct. 2701, 2709, (1972); *Bishop v. Wood*, 426 U.S. 341, 344 n. 7, (1976).) Because State law controls and permits the formation of the HFPD, allows the creation and adoption of its Bylaws, and because Resolutions 15-004, 15-008, and 15-012 (in part establishing voter control provisions) were duly adopted by the Board of the HFPD (a political subdivision of the State), they created a "legitimate claim of entitlement" to the (fundamental) right to vote[5] on certain functions of the District, and <u>took away,</u> and/or limited, certain discretionary powers of the Board to do certain things. The end result is that Plaintiff, and all other electors in the District, now have vested, fundamental rights to vote, and to due process, concerning the topics and circumstances described in the Bylaws as adopted by Resolutions 15-004, 15-008, and 15-012. Therefore, the current section 1985 "conspiracy"

---

[5] See *Short v. Brown*, 893 F.3d 671, 676 (2018) (right to vote is fundamental). The portions of the Bylaws mandating certain voter approvals, <u>and</u> prohibiting the HFPD Board from making certain changes to the Bylaws (and administrative policy those sections control), <u>each</u> operate as a "significant substantive restriction" on the discretion, powers, and potential actions of the Board, and so give rise to a constitutionally protected property interest. See, i.e., *Parks v. Watson*, 716 F.2d 646, 649-50, 657 (9th Cir 1983); *Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56 (9th Cir 1994).

claim in the TAC is not the "same" claim that was made and dismissed in the FAC, and it is incorrect, as well as improperly misleading, for the Defense to superficially claim that it is.

Because of the overlapping challenges and arguments between the prior Rule 12(c) Motion (#31), prior Rule 12(b) Motion (#48), and the current Rule 12(b) Motion (#66), Plaintiff does hereby incorporate his previous arguments and citations in his prior Opposition to the 12(c) Motion for Judgment (#37), and Opposition to the 12(b) Motion to the SAC (#54), each as if fully set forth herein.

As to those causes of action on which the Court might be inclined to grant the Motion, but which state facts giving rise to viable claims, Plaintiff requests leave to amend those portions of the TAC to clarify their legal basis, and/or present additional facts to cure any defects[6].

**1. Defendants Request for Rule 41b Dismissal (Motion, p.2)**

Defendants ask the Court to dismiss Plaintiff's complaint for purported non-compliance with unspecified "court orders" (Motion, p.2), and also creates "violations" of non-orders out of thin air, and which assertions are contrary to this Court's Findings and Recommendations (ECF #56) concerning the SAC . In reality, the Court has already found that <u>many</u> of Plaintiff's causes of action *are* viable, and has approved their proceeding on the merits, so the argument and claims in this section are frivolous, as well as misleading.

Further, the Court did not limit the "scope" of any amendments by Plaintiff, and indeed specifically encouraged him in the F&Rs to unbundle claims; to add details while attempting to more clearly explain the connectedness of facts and claims; to correct "meandering" pleading; and, to add <u>any</u> claims he was trying to articulate via amendment. See, i.e., ECF #56, pp. 9-17 and fn.13; 19, 26 at fn.21; etc.)

The "contract " claim the Motion complains of (at p.3) was specifically alluded to by the Court at ECF #56, p.16 at fn.12, while addition of factual detail (even as to claims that were sustained) was encouraged by the Court in the F&Rs, as exemplified by the passage at p. 36:13-15. Plaintiff also, even without a specific order to do so, took some of the claims he was granted leave to amend on completely <u>out</u> of the complaint instead; yet the Defense does not object to those changes, or even note them, for that matter. Generally speaking, this section of the Motion seems to be more focused on attacking and smearing Plaintiff personally, while complaining in

---

[6] Plaintiff notes that the Defense graciously asks only for dismissal of specified claims "without prejudice". (Motion, p.4:6-8.)

"vague and conclusory" terms - rather than engaging in any honest analysis of specific deficiencies in the TAC.

**2. The Attacks on Plaintiff's Federal Claims are Perfunctory and Inaccurate.**

### A. Count II - Due Process[7]

The Motion ignores Plaintiff's language in the TAC at page 18, ¶43, incorporating facts set forth previous paragraphs. Applicable to this Count particularly are paragraphs 14, 16 (at fn25), 21 (and fn30), 35. Those paragraphs also inform the foundational legal framework for Plaintiff's claims found in paragraphs 36 - 39, and relating to Plaintiff's employment contract. For the Defense to say that the paragraphs making up this claim (50-55) did not add facts and explain the legal basis for Plaintiff's claim relating to his public employment is simply untrue.

### B. Count III - Petitioning and Voting Rights

Once again, in order to ignore the substantive argument and allegations of the TAC (pp.23-24), the Defense ignores the pleading and incorporation of the prior sections of the complaint at paragraphs 13-15, 18, 30-42, and 43. See also pages 2-4 hereinabove.

### C. Count IV - Due Process, Speech, Petitioning; First Amendment Retaliation

Contrary to the assertions of the Motion, this Count underwent significant and substantial re-writing, specifically setting forth the basis for Plaintiff's standing and claims, which is even more thorough when incorporating the factual allegations in the prior sections per ¶35. In essence, Plaintiff had a contract for employment[8] with the HFPD - one that was actually adopted as a Bylaw implementing part of a restructuring of the administration of the District. That restructuring was intended to impose significant restrictions on the actions of the Board members, and of the employees and officers of the District. Due in large part to Plaintiff's

---

[7] Plaintiff notes that this claim actually still encompasses <u>two</u> discreet due process violations; one for employment due process, and the other for the Bylaw-vested right to vote. The Defense does not mention the voting portion of the claim. Facts and allegations of this claim also relate to Plaintiff's civil rights conspiracy claim.

[8] Such a contract, providing that Plaintiff would only be terminated essentially "for cause", and then only after specific notice and opportunity for hearing was afforded, is recognized in this circuit as affording a plaintiff a "property interest" for purposes of 42 USC 1983, and resultant attachment of due process rights. The agreement of the Defendants to violate Plaintiff's due process rights concerning his employment position, and their actions taken to do so - including, but not limited to: incidental statutory violations against him; terminating him improperly and without hearing; and repeatedly abandoning their duty to follow all laws and Bylaws; and, acting in bad faith, are indeed "torts". (TAC, ECF #65, pp.7, 10-12, 15-16, 20-21, 25, 29, 31-32, 37, 39.) **Error! Main Document Only.Error! Main Document Only.**"'It is, of course, widely recognized that if the employee is subject to discharge only for cause, he has a property interest which is entitled to constitutional protection.' (*Mendoza v. Regents of University of California* (1978) 78 Cal.App.3d 168, 175; hg. den. April 26, 1978)". (*Williams v. County of Los Angeles*, 22 Cal.3d 731, 736 (Cal. 1978))

Plaintiff's Opposition to 12(b) Motion of HFPD Defendants - 5

speech relating to criticisms of improper conduct by the board members, Lee Buckley, and Joe Hott; his demands for compliance with his contract; his reporting of illegal acts by officers of the District (such as driving District vehicles in a manner that was reckless and unlawful); and, demands that the Defendants comply with their own Bylaws, the Defendants agreed to, and then acted in concert to: ignore the Bylaw amendments passed prior to their ascension to public office (which benefited Plaintiff, and granted him substantial rights); terminate Plaintiff from his public officer position with the District in a manner contrary to that provided in the Bylaws (4/5 Board vote, etc); and, terminate Plaintiff from his public officer position with the District without affording Plaintiff his notice, hearing, and appeal rights under the employment contract he had with the District.

### 3. The Attacks on Plaintiff's State Law Claims are Perfunctory

#### A. Count 2 - Negligence

The allegation in the Motion, pp.5-6 - that Plaintiff failed to point to any specific violation of duty of care relating to any specific Defendant (or group of Defendants), and that is not accurate. In the beginning of the complaint, and in some "counts" Plaintiff provided facts that specified <u>which</u> Defendants performed <u>what</u> wrongful, and/or "illegal" acts, and specified the wrongful conduct - some of which constituted violations of some laws[9]. See, i.e., TAC at paragraphs 14-16, 20-32.

Everyone has a duty to obey the laws, but that is especially true of public officers as members of government. "It is elementary that public officials must themselves obey the law." *County of Los Angeles v. Superior Court*, 253 Cal.App.2d 670, 679 (Cal. Ct. App. 1967)

It makes little sense for Counsel to continually harp about how "long" the TAC is, and then constantly nag to have Plaintiff repeat information as to who did what in each count, rather than summarizing those actions in the body of the complaint, and then and applying them to the

---

[9] Plaintiff alleged in the TAC at ¶79, that specific conduct violated the relevant laws <u>as particularly attributed to each Defendant in the First and Second Claims for Relief</u> (which facts are incorporated at that point in the TAC by reference). There is no general allegations of violation of a "string" of laws. Plaintiff also alleged that the actions of the Defendants, as previously described in the TAC, were willfully undertaken by them to:
"harass, oppress, intimidate, and annoy Plaintiff; to subject Plaintiff to unreasonable interference with the use and enjoyment of his home and property; to subject Plaintiff unreasonably and without due process to violation of his contract; to recklessly subject Plaintiff to lasting fear, anger, upset, anxiety, public humiliation, embarrassment, outrage, and extreme ongoing emotional and psychological pain and distress; acted with wanton indifference and reckless disregard for their duty to abide by State, Federal, and/or local laws; and, to disregard any possible harm that may have befallen Plaintiff and/or the public as a result of their acts as complained of herein."

individual causes of action as done in the TAC - which is significantly more specific, without being significantly longer, than the SAC. Plaintiff points to specific sections of the complaint where allegations lie as to the acts of the specified defendants giving rise to the "Count", explains harms, and sets the for basis for his claims and the relief sought. The TAC should be read as a whole, just as the Codes of the State of California are read as a whole, with each part connected to, and operating in harmony with, all other parts, while attending to the specifications that Plaintiff incorporated into the TAC at ¶¶ 43 and 72. The Defendants are clearly able to discern what they have to answer for in Plaintiff's (Pro se) TAC, so it complies with Rule 8, and the Motion must be denied.

**B. Count 5 - Negligence as to Board Defendants**

This Count is similar to Count 2, but is specified as those wrongs committed by the "Board Defendants" (as defined on page 2 of the TAC). Those persons' positions of authority imposed additional, more exacting duties of care to follow rules and laws, and the potential to thereby bring liability, unwarranted expenses, upon the District for which the residents (including Plaintiff) would ultimately suffer. Insofar as their additional duties to Plaintiff, and Plaintiff's other causes of action and his claimed harms set forth therein, see Civil Code §1708; "Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his or her rights."

Plaintiff's reliance upon allegations of harms to his peaceful enjoyment of his home[10], harm to his rights, and harm to his well-being and interaction in the community due to statutory violations by the Defendants (and additionally of contractual violations by the District, and the Board Defendants who direct it), is proper, and constitutes correct claims in negligence.

Negligence is "conduct which falls below the standard established by law for the protection of others against unreasonable risk of harm." (Restatement 2d, Torts, § 282.) The essential elements of negligence include: a legal duty to exercise due care; a breach of that duty; and the breach as the proximate or legal cause of the resulting injury. (*Elam v. College Park Hospital* (1982) 132 Cal.App.3d 332, 338.)

A negligent tort requires a violation of a legal duty, imposed by <u>statute</u>, *contract*, or otherwise, owed by the negligent party to the person injured. (5 Witkin, Summary of Cal. Law

---

[10] See description of wild rides in the fire engine blowing the horn and weaving while passing by Plaintiff's home at all hours, etc. (I.e., TAC, p.27.)

Plaintiff's Opposition to 12(b) Motion of HFPD Defendants - 7

(9th ed. 1988) § 6, p. 61.) Whether a legal duty exists in any given situation is a question of law. (*Hooks v. Southern Cal. Permanente Medical Group* (1980) 107 Cal.App.3d 435, 443.)

Failing to follow the mandates of State laws and the Constitution (and laws) of the Untied States, as well as the HFPD's own Bylaws - all of which impose mandatory duties[11], as well as proscribe certain conduct - is inherently negligent for public entities and officers such as these Defendants. Also, Plaintiff has pled that he (and other persons) notified the Defendants of their wrongful conduct, but they (mostly) ignored him, or acted to retaliate against him for doing so. (*Id.*) "The elements of a cause of action for negligence are well established. They are "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." (*Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917

It is not much of a stretch to say, for example, that essentially stealing money and equipment from the District (or even just allowing that to happen as a policy/custom/practice of the "fire fighters" when you are a Board member) is an example of the violation of various laws, and violation of ministerial and fiduciary duties owed to the District, and its residents - all of whom expect to be defended from fires in a very hot, dry, fire-prone area.

### C. Count 6 - Civil Conspiracy

To state a claim for civil conspiracy under Section 1983, a party must allege "that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [Plaintiff's] deprivation of a constitutional right." *Hinkle v. City of Clarksburg, W. Va.*, 81 F.3d 416, 421 (4th Cir. 1996). Plaintiff must merely allege facts that would "reasonably lead to the inference that [the defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." (*Id.*, at 421.)

Per state law, the elements of a conspiracy are (1) the formation of a group of two or more people who agreed to a common design to commit a tort, (2) a wrongful act committed under the agreement, and (3) resulting damages. *Applied Equipment*, 7 Cal. 4th at 511; *City of Industry*, 198 Cal. App. 4th at 211. ) "The elements of an action for civil conspiracy are the formation and operation of the conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the common design." (*Doctors' Co. v. Superior*

---

[11] See examples at TAC, pp.11-13, and 15-18. Also, **Error! Main Document Only.**"[a] duty is ministerial when it is the doing of a thing unqualifiedly required. [Citation.]" (*Redwood Coast Watersheds Alliance v. State Bd. of Forestry & Fire Protection* (1999) 70 Cal.App.4th 962, 970.) A public entity has a ministerial duty to comply with its own rules and regulations where they are valid and unambiguous. (*Pozar v. Department of Transportation* (1983) 145 Cal.App.3d 269, 271.)

Plaintiff's Opposition to 12(b) Motion of HFPD Defendants - 8

*Court* (1989) 49 Cal.3d 44, citing *Mox Incorporated v. Woods* (1927) 202 Cal. 675, 677-678; accord *Wyatt v. Union Mortgage Co.* (1979) 24 Cal.3d 773, 784.)

Plaintiff has pled the elements necessary for both his federal and state claims in the TAC at pages: 3 (at fn8), 9-11, 15-18, 19 (at ¶47), 23-24 (at ¶¶59-61), and 31-32 (at ¶¶83-85).

### D. Count 9 - Official Acts of the Board Defendants Are Void as Unlawful[12]

This is not a "Brown Act" claim, and the Defense may not rewrite, or re-interpret it to make it one in the Motion at pages 7-8. Plaintiff is free to allege that the meetings and other activities of the Defendants violated the Brown Act[13], as well as other statutes, as part of his negligence, conspiracy, and/or due process claims for example, and so long as he does not seek any relief under the Brown Act's specific scheme, he is under no obligation whatsoever to meet its restrictions and/or requisites concerning "notices", or statute of limitations on filing, etc.

Moreover, actions by the Defendants do not need to be "declared void" when they already *are* void due to being: criminal acts; undertaken in violation of the lawful process associated with them (i.e., the "farming out" of equipment and personnel in violation of the Bylaws); declaring that Plaintiff's contract was terminated in a manner other than as provided in the contract or by law; taken/imposed by individual Board members rather than by vote of the Board at a duly convened meeting, etc); improper/unlawful contracts; and/or, *ultra vires* acts purportedly under the District's authority but that were invoked only by less than a quorum of Directors. (See Gov. Code §61045; *Price v. Tennant Community Services Dist.* (1987) 194 Cal.App.3d 491.)

### E. Count 12 - Punitive Damages are Properly Alleged

Punitive damages in this action are brought pursuant to both state *and* federal law, while any state-law restrictions on punitive damages do not apply to Plaintiff's federal causes of action.

Plaintiff has pled in the TAC that the Defendants deliberately acted against him, and often with "evil motive" and intent, and explained how most of their conduct was undertaken against him with the intent to cause him harm in various ways. "It is well-established that a 'jury

---

[12] Plaintiff notes that the Motion attempts to misstate this claim as being "Official Acts Are Void (Brown Act)". In reality, there are no "Brown Act" causes of action in the complaint (see TAC, p. 4, fn.14) and Plaintiff does not seek any relief by way of the Brown Act. That does not mean Plaintiff cannot allege the acts of the Defendants are void simply for being undertaken and/or accomplished by means which violate the law otherwise, and/or which were undertaken as part of the conspiracy to deprive Plaintiff of his civil and contractual rights, etc.

[13] He is also free to state as a preliminary fact that the HFPD is required by law to follow the mandates of the Brown Act, their own Bylaws, etc. (See, i.e., TAC, pp. 4, fn.14; 8, fn.22; 9, fn.27; 21, fn.45; 22 and fn.47; *Redwood Coast Watersheds Alliance v. State Bd. of Forestry & Fire Protection, supra,* 70 Cal.App.4th 962, 970; *Pozar v. Department of Transportation, supra,* 145 Cal.App.3d 269, 271.)

may award punitive damages . . . either when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others.'" *Morgan v. Woessner*, 997 F.2d 1244, 1255 (9th Cir. 1993).

As to Plaintiff's state, and common-law claims, he has properly pled those elements that will allow him to seek and obtain an award of punitive damages depending upon proof at trial. As applied to these claims, Civil Code section 3294, subdivision (a) provides: "In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence[14] that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." Subdivision (c) of the statute contains the following definitions: "(1) `Malice' means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others. (2) `Oppression' means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights. (3) `Fraud' means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury."

**4. Conclusion.**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted. "Fed.R. Civ. P. 12(b)(6). This rule provides for dismissal of a claim if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S.319, 327 (1989); *Parks Sch. of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

Thus, the Federal Rules embody "notice pleading" and require only a concise statement of the claim, rather than a plethora of detailed evidentiary facts. Accordingly, Defendants' Motion is proper only "where a plaintiff's complaint is 'unintelligab[le] (sic),' and not where a complaint suffers for 'lack of detail.'" *Epos Tech. Ltd. v. Pegasus Techs., Ltd.*, 636 F.Supp.2d 57 (D.D.C. 2009)at p.63 (citations omitted). The simplified notice pleading standard relies on liberal

---

[14] On the other hand, a preponderance of the evidence standard has been upheld for punitive damages in certain federal claims. See, e.g., *In re Exxon Valdez*, 270 F.3d 1215, 1232 (9th Cir. 2001) (holding that preponderance standard applied to punitive damages claim in maritime case, citing *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 23 n.11 (1991)).

discovery rules and summary judgment motions to define disputed facts and to dispose of unmeritorious claims. See *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Indeed, courts have found that if information sought by a motion is obtainable through discovery, the motion should be denied. See, e.g., *Towers Tenant Ass'n v. Towers Ltd. P'ship*, 563 F. Supp. 566, 569 (D.D.C. 1983) (denying motion for a more definite statement because details such as "dates, times, names and places" are "the central object of discovery, and need not be pleaded"). C.f., Motion at p.7:21. See also *Sagan v. Apple Computer Inc.*, 874 F. Supp. 1072, 1077 ("Parties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted.")

Here, the Defense is essentially "nitpicking" about the grammatical structure of Plaintiff's claims; and, says the TAC is too wordy and long to pass muster - completely ignoring the very many complaints that exceed the TAC in length which are filed, and accepted without comment, with great frequency in this, and the other District Courts of California.

The Motion should be denied, the Defendants made to Answer, and the parties ordered to undertake discovery

Respectfully submitted this 7th day of September, 2022

_____
Roger J. Gifford, Plaintiff Pro Se

## CERTIFICATION OF SERVICE

I, Roger J. Gifford, the undersigned Plaintiff in this matter, do hereby affirm under penalty of perjury that I served the foregoing document by US Mail upon the parties via their attorneys at the address below, and on the date listed.

September 7th, 2022

Patrick Deedon
2851 PARK MARINA DRIVE
SUITE 300
Redding, CA 96001-2813

Dated this 7th day of September, 2022

_____
Roger J. Gifford, Plaintiff Pro Se

Plaintiff's Opposition to 12(b) Motion of HFPD Defendants - 11