IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER GIFFORD,<br><br>             Plaintiff,<br><br>     v.<br><br>HORNBROOK FIRE PROTECTION DISTRICT, et al.,<br><br>             Defendants. | No. 2:16-CV-0596-DJC-DMC<br><br>FINDINGS AND RECOMMENDATIONS |

   Plaintiff, who is proceeding in forma pauperis and pro se, brings this civil action. Pending before the Court is Defendants' motion to dismiss.  See ECF No. 66.  Plaintiff has filed an opposition.  See ECF No. 71.  Defendants have filed a reply.  See ECF No. 72.

   In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

1

In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

/ / /

/ / /

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. BACKGROUND

### A. Procedural History

Plaintiff initiated this action with his original complaint filed on March 22, 2016. See ECF No. 1. The matter was reassigned to the undersigned on September 4, 2018. See ECF No. 4. Thereafter, on October 24, 2018, the Court directed that summons be issued. See ECF No. 5. Defendants Hornbrook Fire Protection District (HFPD), Buckley, and Morin filed an answer to Plaintiff's complaint. See ECF No. 19.

Plaintiff filed his first amended complaint as of right on April 19, 2019. See ECF No. 23. Defendants HFPD, Buckley, Morin, and Hott filed an answer to the first amended complaint on May 7, 2019. See ECF No. 24. On June 27, 2019, Plaintiff filed a motion to strike affirmative defenses. See ECF No. 30. On July 10, 2019, Defendants filed a motion for judgment on the pleadings. See ECF No. 31. Both motions were heard by the undersigned at a hearing held on September 11, 2019. See ECF No. 40 (minutes). On October 1, 2019, the Court issued findings and recommendations that the motion for judgment on the pleadings be granted in part and denied in part, that the motion to strike be denied as moot, and that Plaintiff's first amended complaint be dismissed with leave to amend.[1] See ECF No. 41. The findings and recommendations were adopted in full by the District Judge on December 19, 2019. See ECF No. 44.

///

///

---

[1]  The Court recommended that judgment on the pleadings be resolved as follows on Plaintiff's federal claims: denied as to federal Count I; granted with leave to amend as to federal Count II; denied as to federal Count III; granted as to federal Count IV; denied as to federal Count V; granted as to federal Count VI; granted as to federal Count VII; granted as to federal Count VIII; and granted as to federal Count IX. See ECF No. 41. The Court did not address Plaintiff's state law claims. See id.

3

1   Plaintiff filed his second amended complaint on March 3, 2020.  See ECF No. 47.
2   On March 18, 2020, Defendants filed a motion to dismiss the second amended complaint.  See
3   ECF No. 48.  Following a stay of briefing requested by Plaintiff, the matter was fully briefed and
4   on September 14, 2021, the Court issued findings and recommendations that Defendants' motion
5   to dismiss be granted in part and denied in part.[2]  See ECF No. 56.  The September 14, 2021,
6   findings and recommendations were adopted in full by the District Judge on March 30, 2022, and
7   Plaintiff was directed to file a third amended complaint within 30 days.  See ECF No. 62.
8   Plaintiff obtained an extension of time, see ECF No. 64, and thereafter timely filed his third
9   amended complaint on July 1, 2022.  See ECF No. 65. Thereafter, Defendants filed the currently
10  pending motion to dismiss.  See ECF No. 66.

   **B.    Plaintiff's Allegations**

   In the operative third amended complaint, Plaintiff names the following as defendants: (1) HFPD, Adria Buckley, Sharon Morin, Lee Buckley, and Joseph Hott.  See ECF No. 65, pg. 1.  As with the prior complaints, Plaintiff provides the same summary of his claims at paragraph 2 of the third amended complaint:

> 2.     The primary thrust of this actin is that the defendants, in attempting to dominate and control the tiny Hornbrook Fire Protection District, acted to stifle, interfere with, intimidate, coerce, retaliate against, and oppress Plaintiff Gifford, in his individual and official capacities [footnote omitted], for exercise (and attempted exercise) of State and Federal statutory and Constitutional rights – particularly speech and petitioning (and attempted petitioning) activity, while also suffering retaliation in his employment with HFPD, while being denied various notices, procedures, review, and other due process afforded him by the HFPD Bylaws, Brown Act, Fire Protection District Law, and his employment contract [footnote omitted] with the District.  Additionally, each and all of the Defendants violated various provisions of the HFPD

---

[2] The Court recommended as follows as to Plaintiff's federal claims:  Defendants' motion be denied as to Count I; granted with leave to amend as to Count II; granted with leave to amend as to Count III; and granted with leave to amend as to Count IV.  See id.
   As to Plaintiff's state law claims, the Court recommended: Defendants' motion be denied as to Count I; granted with leave to amend as to Count II; granted without leave to amend as to Count III; denied as to Count IV; granted without leave to amend as to Count V; granted with leave to amend as to Count VI; granted with leave to amend as to Count VII; granted with leave to amend as to Count VIII; granted without leave to amend as to Count IX (nuisance per se); granted with leave to amend as to Count IX (public nuisance); granted without leave to amend as to Count X (covenant of good faith and fair dealing); denied as to Count X (contractual breach); granted with leave to amend as to Count XI; and denied as to Count XII (violation of the Bane Act).  See id.

> Bylaws, which provide certain individuals who are citizens of the District a remedy for violations, along with a standing to seek "claw back" and other financial remedies to the fiduciary benefit of the District (per Resolution #15-004). Plaintiff was actually harmed directly, and/or indirectly, by every wrongful action [footnote omitted] undertaken by each Defendant as set forth herein. Defendants Sharon Morin ("Morin"), and Adria Kirk-Buckley ("Buckley"), are all on the Board of Directors of the HFPD, and will hereafter be referred to collectively as "the Board Defendants." Each Defendant undertook the herein described wrongful conduct while acting under color of law, and of their official positions as Directors, or, in the case of Lee Buckley, as purported "Acting Chief" and/or "Firefighter" [footnote omitted]; and, in the case of Defendant Joseph Hott, as "Firefighter," of the HFPD. . . .

ECF No. 65, pgs. 1-2.

And as with the prior complaints, Plaintiff alleges the same general facts in the third amended complaint at paragraphs 8-15. See id. at 4-7. Those allegations have been previously outlined in detail by the Court and are not repeated here. See ECF Nos. 41 (October 1, 2019, findings and recommendations) and 56 (September 14, 2021, findings and recommendations).

Plaintiff then alleges in paragraphs 16-20 that the HFPD Board of Directors held various "illegal meetings" and took various "illegal action" on December 4, 2015, December 21, 2015, January 22, 2016, February 16, 2016, and February 29, 2016. See id. at 7-9. In particular, Plaintiff alleges as follows at paragraph 18:

> 18.  Beginning at the improper, and illegal meetings held on January 22, 2016, February 16, 2016, and at several meetings, thereafter, the Board Defendants (and thus the HFPD) attempted to disenfranchise, and interfere with, the right to vote of Plaintiff, and each elector within the HFPD boundaries by modifying, or revoking, without due process and the required voter approval, certain of those provisions of the HFPD Bylaws which specify that they may not be revoked or altered without approval by the voters of the District. [footnote omitted]

Id. at 8-9.

Plaintiff alleges the following federal claims for relief (all grouped together in the third amended complaint as Plaintiff's First Claim for Relief):

Count I    Violations of Plaintiff's right to freedom of speech and petition. See id. at 18-20.

Count II   Violations of right to due process regarding employment, the HFPD bylaws, and voting. See id. at 20-23.

5

| | | |
|---|---|---|
| Count III | | Deprivation of free speech/petition and right to vote in violation of due process. See id. at 23-24. |
| Count IV | | Violation of rights to due process, free speech and petition, retaliation, as to HFPD and the Board Defendants. See id. at 25-26. |
| Count V | | Civil conspiracy in violation of 42 U.S.C. §§ 1983 and 1985. See id. at 26-28. |

Grouped together as Plaintiff's Second Claim for Relief are the following state law claims over which Plaintiff asks the Court to exercise jurisdiction:

| | | |
|---|---|---|
| Count I | | Violations of HFPD bylaws. See id. at 28-30. |
| Count II | | Negligence. See id. at 30-31. |
| Count III | | Retaliation in employment. See id. at 31-33. |
| Count VI | | Violation of Article 1, section 2, of the California Constitution. See id. at 33. |
| Count V | | Negligence as to Board Defendants. See id. at 33-34. |
| Count VI | | Civil conspiracy. See id. at 34-36. |
| Count VII | | Private and public nuisance. See id. at 36-37. |
| Count VIII | | Violation of the covenant of good faith and fair dealing. See id. at 37-38. |
| Count IX | | Void official acts. See id. at 38. |
| Count X | | Violation of the Bane Act as to Board Defendants and Lee Buckley. See id. at 38-39. |
| Count XI | | Breach of contract. See id. at 39. |
| Count XII | | Punitive damages. See id. |

## II. DISCUSSION

In their motion to dismiss, Defendants argue that the Court should dismiss this action in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's continued failure to "plead in compliance with the court's orders and with the Federal Rules of Civil Procedure." ECF No. 66-1, pg. 2. Defendants alternatively seek dismissal under Rule 12(b)(6) of certain specific counts in Plaintiff's third amended complaint. See id.

Defendants further contend that "Plaintiff has. . . abused the court's leave to amend by adding new claims to the TAC [third amended compliant] which were not stated in the SAC [second amended complaint], including a claim previously dismissed from Plaintiff's First Amended Complaint without leave to amend." Id. at 2.

### A.   Claims Previously Dismissed Without Leave to Amend

#### 1.   Federal Claims

The following federal claims alleged in the first amended complaint have been dismissed without leave to amend: Count IV (Deprivation of Right to Vote – Conspiracy for Deprivation of Rights – 42 U.S.C. 1985); Count VI (Violation of Title VII of the Civil Rights Act – Unlawful Retaliation); Count VII (Retaliation in Employment by HFPD, Board Defendants; 42 U.S.C. 300j-9(i)); Count VIII (Retaliation by HFPD and Board Defendants; 18 U.S.C. 1513(e)); and Count IX (Violation of 42 U.S.C. 1985 as to HFPD, Board Defendants).  In the current third amended complaint, Plaintiff alleges the following five federal claims: Count I (Violations of Plaintiff's right to freedom of speech and petition);  Count II (Violations of right to due process regarding employment, the HFPD bylaws, and voting); Count III (Deprivation of free speech/petition and right to vote in violation of due process); Count IV (Violation of rights to due process, free speech and petition, retaliation, as to HFPD and the Board Defendants); and Count V (Civil conspiracy in violation of 42 U.S.C. §§ 1983 and 1985).

Plaintiff has renumbered his conspiracy claim from Count VI to Count V.  In federal Count IV of the first amended complaint, Plaintiff alleged that Defendants engaged in a conspiracy to deprive Plaintiff of his right to vote.  See ECF No. 23, pgs. 20-21.  In federal Count V of the third amended complaint, Plaintiff alleges a civil conspiracy, but not with respect to Plaintiff's right to vote.  See ECF No. 65, pgs. 26-28.  Current federal Count V is, therefore, not foreclosed by the Court's prior ruling as to Count VI in the first amended complaint.

In federal Count IX of the first amended complaint, Plaintiff alleged, again, conspiracy.  See ECF No. 23, pgs. 25-26.  Specifically, Plaintiff claimed Defendants conspired to interfere with his position as Administrator/General Manager of HFPD.  See id. at 25.  In federal Count V of the third amended complaint, Plaintiff alleges a conspiracy to interfere with his

position as Administrator/General Manager of HFPD. See ECF No. 65, pgs. 26-28. While Count V of the third amended complaint is not foreclosed by the Court's prior ruling on Count VI of the first amended complaint, the Court agrees with Defendants that Count V of the third amended complaint is foreclosed by dismissal of Count IX of the first amended complaint. The Court will recommend that Defendants' motion be granted as to Count V of the third amended complaint, which has previously been dismissed.

In federal Counts VI, VII, and VIII of the first amended complaint, Plaintiff alleged various claims of retaliation. See ECF No. 23, pgs. 22-23 (Count VI), pgs. 23-24 (Count VII), and pg. 24. In Count VI, Plaintiff alleged employment retaliation in violation of Title VII of the Civil Rights Act of 1964. In Claim VII, Plaintiff alleged whistleblower retaliation with respect to actions to enforce clean drinking water regulations, in violation of 42 U.S.C. § 300j-9(i). In Claim VIII, Plaintiff alleged criminal retaliation in violation of 18 U.S.C. § 1513(e). Plaintiff's federal Count IV in the third amended complaint alleges, among other things, retaliation against Plaintiff for his having reported claimed abuses by HFPD and individual defendants with respect to management of HFPD. See ECF No. 65, pgs. 25-26. The Court agrees with Defendants that such retaliation claims are subsumed within the various retaliation claims dismissed with prejudice from the first amended complaint. Therefore, federal Count IV in the third amended complaint cannot proceed under a retaliation theory. While Plaintiff alleged a stand-alone retaliation claim in the first amended complaint (Count I), which was not dismissed, Plaintiff no longer alleges such a claim and, as discussed above, the Court finds that Plaintiff's other retaliation-related claims have been dismissed.

2. State Law Claims

The following state law claims have been dismissed from the second amended complaint without leave to amend: Count III (Violations of Government Code Section 1090 and 87100 – Self-Dealing); Count V (Violation of Article I, section 2, of the California Constitution); and Count X (Violations of the Covenant of Good Faith and Fair Dealing). In the current third

///

///

amended complaint, Plaintiff alleges the following state law claims:

| | | |
|---|---|---|
| Count I | | Violations of HFPD bylaws. |
| Count II | | Negligence. |
| Count III | | Retaliation in employment. |
| Count VI | | Violation of Article 1, section 2, of the California Constitution. |
| Count V | | Negligence as to Board Defendants. |
| Count VI | | Civil conspiracy. |
| Count VII | | Private and public nuisance. |
| Count VIII | | Violation of the covenant of good faith and fair dealing. |
| Count IX | | Void official acts. |
| Count X | | Violation of the Bane Act as to Board Defendants and Lee Buckley. |
| Count XI | | Breach of contract. |
| Count XII | | Punitive damages. |

Plaintiff's state law Count VI of the third amended complaint has been previously dismissed (as state law Count V of the second amended complaint). Plaintiff's state law Count VIII of the third amended complaint has also previously been dismissed (as state law Count X of the second amended complaint). The Court agrees with Defendants that these previously dismissed state law claims have been improperly re-alleged in the third amended complaint.

**B.    New Claims Added Without Leave of Court**

1.    Federal Claims

The following federal claims alleged in the second amended complaint have been dismissed with leave to amend: Count II (Due Process and Equal Protection); Count III (Right to Petition, Vote); and Count IV (Due Process, Equal Protection, Right to Free Speech, Right to Petition, as to Morin, Buckley, and HFPD). As discussed above, the Court finds that federal Count V as alleged in the third amended complaint is foreclosed because that claim was previously dismissed without leave to amend. The Court also finds that the portion of federal Count IV as alleged in the third amended complaint based on retaliation is foreclosed as having

9

been previously dismissed without leave to amend. Though Plaintiff appears to have re-crafted and re-numbered his federal claims in the third amended complaint, it does not appear that Plaintiff has added any federal claims not previously addressed.

### 2. State Law Claims

In resolving the prior motion to dismiss the second amended complaint, the Court dismissed the following state law claims with leave to amend: Count II (Negligence); Count VI (Negligence as to Morin and Buckley); Count VII (Conspiracy); Count VIII (Intentional Infliction of Emotional Distress); Count IX (Public Nuisance); and Count XI (Violation of the Brown Act). See ECF Nos. 56, 62. As discussed above, the Court finds that Plaintiff has improperly re-alleged state law Counts VI and VIII in the third amended complaint because those claims were previously dismissed without leave to amend. As with the federal claims, Plaintiff has re-crafted and re-numbered his various state law claims in the third amended complaint. Even so, the Court does not find that Plaintiff has allege new substantive state law claims as to which leave to amend was not permitted.

### C. **Claims Previously Dismissed With Leave to Amend**

As to claims previously dismissed with leave to amend, Defendants' argument is twofold. First, Defendants contend that Plaintiff's third amended complaint continues to fall short of the threshold pleading standards of Federal Rule of Civil Procedure 8, as well as the Court's prior orders, and that, as a result, the entire action should be dismissed as an appropriate sanction pursuant to Federal Rule of Civil Procedure 41(b). Second, Defendants argue that, due to Plaintiff's continued to plead in compliance with Rule 8, Plaintiff fails to state claims upon which relief can be granted and that such claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

In support of their request that this action be dismissed its entirety pursuant to Rule 41(b), Defendants offer the following background comments:

> Plaintiff filed the TAC [third amended complaint] pursuant to the court's partial grant of Defendants' motion to dismiss the Second Amended Complaint ("SAC"). The SAC consisted of four federal law claims and thirteen state law claims. Plaintiff was given leave to amend three of the four federal claims and eight of the thirteen state law claims.

> Overall, the TAC fails to make material changes to the claims Plaintiff was permitted to amend, as discussed below. Plaintiff has now had multiple opportunities to amend these claims to state a valid cause of action but has failed to do so. Defendants respectfully request the court dismiss those claims without further leave to amend.

ECF No. 66-1, pg. 2.

Pursuant to Rule 41(b), "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." See Fed. R. Civ. P. 41(b). The Court must weigh five factors before imposing the harsh sanction of involuntary dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to follow local rules, see Ghazali, 46 F.3d at 53, failure to comply with an order to file an amended complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), failure to inform the district court and parties of a change of address pursuant to local rules, see Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), failure to appear at trial, see Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996), and discovery abuses, see Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993).

Involuntary dismissal is also appropriate where there is a failure to comply with Federal Rule of Civil Procedure 8, requiring each allegation in a pleading to be simple, concise, and direct. See McHenry v. Renee, 84 F.3d 1172 (9th Cir. 1996). While the Court must consider less drastic measures before involuntarily dismissing an action under Rule 41(b) for failure to comply with Rule 8, dismissal is appropriate where the plaintiff has been provided with multiple opportunities to replead and further amendment would be futile. See id. at 1178-79.

///

Rule 8 requires that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

Rule 8's pleading requirements are not met by a "complaint that contains conclusion or surmise and requires a court to decide whether events not pleaded could be imagined in a plaintiff's favor." Levin v. Miller, 763 F.3d 667, 671 (7th Cir. 2014). Rather, in order to establish plausibility, allegations in a complaint "may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Eclectic Props. E., LLC v. Marcus and Millichap Co., 751 F.3d 990, 996 (9th Cir. 2014) (internal quotation and citation omitted). ". . .[T]he factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Id. While pleadings of pro se litigants are held to less rigid standards than those drafted by attorneys, see Haines v. Kerner, 404 U.S. 519, 520-522 (1972), even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong," Brazil v. United States Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support Plaintiff's claim. See id. The allegations must be short and plain, simple and direct, and describe the relief Plaintiff seeks. See Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002).

The Court finds that Defendants' argument is well-taken. This action currently proceeds on the third amended complaint. Plaintiff has been advised of the defects in his pleadings, including Rule 8 pleading problems, in the context of the Court's detailed rulings as to the first and second amended complaint. Nonetheless, as Defendants note, Plaintiff's third amended complaint is in essence nothing more than the prior pleadings with the same claims and allegations grouped under different headings. Plaintiff has done nothing by way of clarifying or simplifying his allegations. To the contrary, Plaintiff's third amended complaint is even more lengthy than his previous pleadings and includes even more prolix and unnecessary citations to case authority.

While the Court must construe pro se pleadings liberally, at some point the Court must insist on compliance with Rule 8, which is designed to provide Defendants with fair notice of the specific of Plaintiff's claims such that they can fairly mount a defense. Here, Plaintiff's third amended complaint fails to do so despite numerous attempts at amendment and guidance provided by this Court. To the extent the Court has found that claims alleged in prior pleadings were not subject to dismissal, Plaintiff has muddied the waters by re-crafting those claims in the current third amended complaint in such a way as to invalidate any prior determination. Each pleading must stand on its own and any prior cognizable claims are now so confused as to no longer be separately identifiable as cognizable. Plaintiff's continued failure to comply with Rule 8 warrants dismissal under Rule 41(b). See McHenry, 84 F.3d 1172.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

### III.  CONCLUSION

Based on the foregoing, the undersigned that Defendants' motion to dismiss, ECF No. 66, be GRANTED and that this action be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b) for continued failure to comply with Federal Rule of Civil Procedure 8 as well as this Court's prior orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 29, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE