1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    ROGER GIFFORD,                              No. 2:16-CV-0596-DJC-DMC

12                 Plaintiff,

13         v.                                      ORDER

14    HORNBROOK FIRE PROTECTION                    and
      DISTRICT, et al.,
15                                                 AMENDED FINDINGS AND
                     Defendants.                   RECOMMENDATIONS
16

17

18               Plaintiff, who is proceeding in forma pauperis and pro se, brings this civil action.

19    Pending before the Court is Defendants' motion to dismiss.  See ECF No. 66.  Plaintiff has filed

20    an opposition.  See ECF No. 71.  Defendants have filed a reply.  See ECF No. 72.  In response to

21    the Court's findings and recommendations, Plaintiff filed objections.  See ECF Nos. 74 and 77. In

22    light of Plaintiff's objections, the Court will vacate the March 29, 2024, findings and

23    recommendations and issue these amended findings and recommendations addressing the

24    sufficiency of Plaintiff's complaint in this civil case.

25               In considering a motion to dismiss, the Court must accept all allegations of

26    material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The

27    Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer

28    v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S.

                                                    1

738, 740 (1976); <u>Barnett v. Centoni</u>, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

ambiguities or doubts must also be resolved in the plaintiff's favor.  <u>See</u> <u>Jenkins v. McKeithen</u>,

395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

factual allegations, need not be accepted.  <u>See</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009).

In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

<u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

In order to survive dismissal for failure to state a claim under Rule 12(b)(6), a

complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

must contain factual allegations sufficient "to raise a right to relief above the speculative level."

<u>Id.</u> at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible

on its face."  <u>Id.</u>  at 570.  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  <u>Iqbal</u>, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully."  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556).  "Where a complaint pleads facts that are

'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and

plausibility for entitlement to relief."  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials

outside the complaint and pleadings.  <u>See</u> <u>Cooper v. Pickett</u>, 137 F.3d 616, 622 (9th Cir. 1998);

<u>Branch v. Tunnell</u>, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1)

documents whose contents are alleged in or attached to the complaint and whose authenticity no

party questions, <u>see</u> <u>Branch</u>, 14 F.3d at 454; (2) documents whose authenticity is not in question,

and upon which the complaint necessarily relies, but which are not attached to the complaint, <u>see</u>

<u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

of which the court may take judicial notice, <u>see</u> <u>Barron v. Reich</u>, 13 F.3d 1370, 1377 (9th Cir.

1994).

/ / /

/ / /

2

1    Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

2    amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

3    curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). Plaintiff is

4    informed that, as a general rule, an amended complaint supersedes the original complaint. See

5    Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to

6    amend, all claims alleged in the original complaint which are not alleged in the amended

7    complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if

8    Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

9    Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be

10    complete in itself without reference to any prior pleading. See id.

11    As to defects identified in this order that cannot be cured by amendment, Plaintiff

12    is not entitled to leave to amend as to such claims. Plaintiff, therefore, now has the following

13    choices: (1) Plaintiff may file an amended complaint which does not allege the claims identified

14    herein as incurable, in which case such claims will be deemed abandoned and the Court will

15    address the remaining claims; or (2) Plaintiff may file an amended complaint which continues to

16    allege claims identified as incurable, in which case the Court will issue findings and

17    recommendations that such claims be dismissed from this action, as well as such other orders

18    and/or findings and recommendations as may be necessary to address the remaining claims.

19

20    **I. BACKGROUND**

21    A.    **Procedural History**

22    Plaintiff initiated this action with his original complaint filed on March 22, 2016.

23    See ECF No. 1. The matter was reassigned to the undersigned on September 4, 2018. See ECF

24    No. 4. Thereafter, on October 24, 2018, the Court directed that summons be issued. See ECF

25    No. 5. Defendants Hornbrook Fire Protection District (HFPD), Buckley, and Morin filed an

26    answer to Plaintiff's complaint. See ECF No. 19.

27    / / /

28    / / /

3

Plaintiff filed his first amended complaint as of right on April 19, 2019. See ECF No. 23. Defendants HFPD, Buckley, Morin, and Hott filed an answer to the first amended complaint on May 7, 2019. See ECF No. 24. On June 27, 2019, Plaintiff filed a motion to strike affirmative defenses. See ECF No. 30. On July 10, 2019, Defendants filed a motion for judgment on the pleadings. See ECF No. 31. Both motions were heard by the undersigned at a hearing held on September 11, 2019. See ECF No. 40. On October 1, 2019, the Court issued findings and recommendations that the motion for judgment on the pleadings be granted in part and denied in part, the motion to strike be denied as moot, and Plaintiff's first amended complaint be dismissed with leave to amend. See ECF No. 41. The findings and recommendations were adopted in full by the District Judge on December 19, 2019. See ECF No. 44.

Plaintiff filed his second amended complaint on March 3, 2020. See ECF No. 47. On March 18, 2020, Defendants filed a motion to dismiss the second amended complaint. See ECF No. 48. Following a stay of briefing requested by Plaintiff, the matter was fully briefed and on September 14, 2021, the Court issued findings and recommendations that Defendants' motion to dismiss be granted in part and denied in part. See ECF No. 56. The September 14, 2021, findings and recommendations were adopted in full by the District Judge on March 30, 2022, and Plaintiff was directed to file a third amended complaint within 30 days. See ECF No. 62. Plaintiff obtained an extension of time, see ECF No. 64, and thereafter timely filed his third amended complaint on July 1, 2022. See ECF No. 65. Thereafter, Defendants filed the currently pending motion to dismiss. See ECF No. 66.

**B.    Plaintiff's Allegations**

In the operative third amended complaint, Plaintiff names the following as defendants: (1) HFPD; (2) Adria Buckley; (3) Sharon Morin; (4) Lee Buckley; and (4) Joseph Hott. See ECF No. 65, pg. 1. As with the prior complaints, Plaintiff provides the following summary of his claims at paragraph 2 of the third amended complaint:

> 2.    The primary thrust of this actin is that the defendants, in attempting to dominate and control the tiny Hornbrook Fire Protection District, acted to stifle, interfere with, intimidate, coerce, retaliate against, and oppress Plaintiff Gifford, in his individual and official capacities [footnote omitted], for exercise (and attempted exercise) of State and

4

Federal statutory and Constitutional rights – particularly speech and petitioning (and attempted petitioning) activity, while also suffering retaliation in his employment with HFPD, while being denied various notices, procedures, review, and other due process afforded him by the HFPD Bylaws, Brown Act, Fire Protection District Law, and his employment contract [footnote omitted] with the District. Additionally, each and all of the Defendants violated various provisions of the HFPD Bylaws, which provide certain individuals who are citizens of the District a remedy for violations, along with a standing to seek "claw back" and other financial remedies to the fiduciary benefit of the District (per Resolution #15-004). Plaintiff was actually harmed directly, and/or indirectly, by every wrongful action [footnote omitted] undertaken by each Defendant as set forth herein. Defendants Sharon Morin ("Morin"), and Adria Kirk-Buckley ("Buckley"), are all on the Board of Directors of the HFPD, and will hereafter be referred to collectively as "the Board Defendants." Each Defendant undertook the herein described wrongful conduct while acting under color of law, and of their official positions as Directors, or, in the case of Lee Buckley, as purported "Acting Chief" and/or "Firefighter" [footnote omitted]; and, in the case of Defendant Joseph Hott, as "Firefighter," of the HFPD. . . .

ECF No. 65, pgs. 1-2.

Plaintiff alleges the same general facts as with prior complains in the third amended complaint at paragraphs 8-15. See id. at 4-7. Those allegations have been previously outlined in detail by the Court and are not repeated here. See ECF Nos. 41 (October 1, 2019, findings and recommendations) and 56 (September 14, 2021, findings and recommendations).

Plaintiff then alleges in paragraphs 16-20 that the HFPD Board of Directors held various "illegal meetings" and took "illegal action" on December 4, 2015, December 21, 2015, January 22, 2016, February 16, 2016, and February 29, 2016. See ECF No. 65. at 7-9. Plaintiff alleges at paragraph 1 as follows:

18.    Beginning at the improper, and illegal meetings held on January 22, 2016, February 16, 2016, and at several meetings, thereafter, the Board Defendants (and thus the HFPD) attempted to disenfranchise, and interfere with, the right to vote of Plaintiff, and each elector within the HFPD boundaries by modifying, or revoking, without due process and the required voter approval, certain of those provisions of the HFPD Bylaws which specify that they may not be revoked or altered without approval by the voters of the District. [footnote omitted]

Id. at 8-9.

/ / /

/ / /

5

1           Plaintiff alleges the following federal claims for relief, all grouped together in the

2    third amended complaint as Plaintiff's First Claim for Relief:

3           Count I        Violations of Plaintiff's right to freedom of speech and petition.

4                             See <u>id.</u> at 18-20.

5           Count II      Violations of right to due process regarding employment, the HFPD bylaws, and voting.  See <u>id.</u> at 20-23.

6           Count III    Deprivation of free speech/petition and right to vote in violation

7                           of due process.  See <u>id.</u> at 23-24.

8           Count IV    Violation of rights to due process, free speech and petition, retaliation, as to HFPD and the Board Defendants.  See <u>id.</u> at 25-26.

9

10          Count V     Civil conspiracy in violation of 42 U.S.C. §§ 1983 and 1985.  See <u>id.</u> at 26-28.

11          Grouped together as Plaintiff's Second Claim for Relief are the following state law

12   claims over which Plaintiff asks the Court to exercise jurisdiction:

13          Count I        Violations of HFPD bylaws.  See <u>id.</u> at 28-30.

14          Count II      Negligence.  See <u>id.</u> at 30-31.

15          Count III    Retaliation in employment.  See <u>id.</u> at 31-33.

16          Count IV    Violation of Article 1, section 2, of the California Constitution.

17                          See <u>id.</u> at 33.

18          Count V     Negligence as to Board Defendants.  See <u>id.</u> at 33-34.

19          Count VI    Civil conspiracy.  See <u>id.</u> at 34-36.

20          Count VII   Private and public nuisance.  See <u>id.</u> at 36-37.

21          Count VIII  Violation of the covenant of good faith and fair dealing.  See <u>id.</u> at 37-38.

22          Count IX    Void official acts.  See <u>id.</u> at 38.

23          Count X     Violation of the Bane Act as to Board Defendants and Lee Buckley.  See <u>id.</u> at 38-39.

24

25          Count XI    Breach of contract.  See <u>id.</u> at 39.

       Count XII   Punitive damages.  See <u>id.</u>

26   / / /

27   / / /

28

                                         6

1    **C.**    **Status of Claims in Third Amended Complaint Before this Order**

2           In order to address the claims in the third amended complaint, it is necessary to

3    know the status of the claims as previously alleged and as determined by the Court. The below

4    charts organizing each claim are offered to assist:

5                    1.    Federal Claims

| Third Amended Complaint Claims | Previously Identified Claim(s) *Disposition* |
|---|---|
| Count I - Violations of Plaintiff's right to freedom of speech and petition. See ECF No. 65, pgs. 18-20. | Count I Violation of Plaintiff's Right to Freedom of Speech and Petition. (First Amended Complaint) See ECF No. 23, pgs. 13-15.<br><br>*Motion for judgment on the pleadings denied. See ECF No. 41, pg. 8.*<br><br>Count I – Violation of Plaintiff's Right to Freedom of Speech and Petition. (Second Amended Complaint) See ECF No. 47, pgs. 14-16.<br><br>*Motion to dismiss denied as to this claim. See ECF No. 56, pg. 17.* |
| Count II - Violations of right to due process regarding employment, the HFPD bylaws, and voting. See id. at 20-23. | Count II - Violations of Plaintiff's Right to Due Process and to Equal Protection of the Laws; Unlawful Seizure. (First Amended Complaint) See ECF No. 23, pg. 16.<br><br>*Plaintiff granted leave to amend to allege an independent liberty interest. See ECF No. 41, pg. 9.*<br><br>Count II - Violations of Plaintiff's Right to Due Process and to Equal Protection of Law (Second Amended Complaint). See ECF No. 47, pgs. 16-18.<br><br>*Due process claim dismissed with leave to amend and motion to dismiss granted as to Equal Protection claim. See ECF No. 56, pg. 19.* |
| Count III - Deprivation of free speech/petition and right to vote in violation of due process. See id. at 23-24. | Count III - Deprivation of Right to Free Speech and Petition – Right to Vote. (First Amended Complaint) See ECF No. 23, pgs. 18-20.<br><br>*Motion for judgment on the pleadings denied. See ECF No. 41, pg. 10.*<br><br>Count III - Deprivation of Right to Free Speech and Petition – Right to Vote; 4th Amendment (Second Amended Complaint) See ECF No. 47, pgs. 19-20.<br><br>*Motion to dismiss granted as to Fourth Amendment claim and granted with leave to amend as to voting claim. See ECF No. 56, pg. 21.* |

/ / /

/ / /

/ / /

| | |
|---|---|
| Count IV - Violation of rights to due process, free speech and petition, retaliation, as to HFPD and the Board Defendants. _See_ _id._ at 25-26. | Count VI - Employment retaliation in violation of Title VII of the Civil Rights Act of 1964. (First Amended Complaint) _See_ ECF No.23, pgs. 22-23.<br><br>Count VII - Whistleblower retaliation with respect to actions to enforce clean drinking water regulations, in violation of 42 U.S.C. § 300j-9(i).  (First Amended Complaint) _See_ _id._ at 23-24.<br><br>Count VIII - Criminal retaliation in violation of 18 U.S.C. § 1513(e). (First Amended Complaint) _See_ _id._ at 24.<br><br>_Motion for judgment on the pleadings granted as to these claims. See ECF No. 41, pg. 12._ |
| Count V - Civil conspiracy in violation of 42 U.S.C. §§ 1983 and 1985. _See_ _id._ at 26-28 | Count IX - Violation of 42 U.S.C. 1985 as to HFPD, Board Defendants. (First Amended Complaint) _See_ ECF No. 23, pgs. 25-26.<br><br>_Motion for judgment on the pleadings granted as to this claim. See ECF No. 41, pgs. 12-13._ |

2.      State Law Claims

| Third Amended Complaint Claims | Previously Identified Claim(s) in Second Amended Complaint _Disposition_ |
|---|---|
| Count I - Violations of HFPD bylaws. _See_ ECF No. 65, pgs. 28-30. | Count I - Violations of HFPD bylaws (Second Amended Complaint) See ECF No. 47, pgs. 22-23.<br><br>_Motion to dismiss denied as to this claim. See ECF No. 56, pgs. 22-23._ |
| Count II – Negligence. _See_ _id._ at 30-31. | Count II – Willful Negligence; Negligence  (Second Amended Complaint) See ECF No. 47, pgs. 23-24.<br><br>_Motion to dismiss granted with leave to amend as to this claim. See ECF No. 56, pg. 24._ |
| Count III - Retaliation in employment.  _See_ _id._ at 31-33. | Count IV – Retaliation in Employment and Termination in Violation of Public Policy (Second Amended Complaint) See ECF No. 47, pgs. 25-26.<br><br>_Motion to dismiss denied as wrongful termination claim. See ECF No. 56, pg. 28_ |
| Count IV - Violation of Article 1, section 2, of the California Constitution.  _See_ _id._ at 33. | Count V - Violation of Article I, section 2, of the California Constitution (Second Amended Complaint) _See_ ECF No. 47, pgs. 26-27.<br><br>_Motion to dismiss granted to the extent Plaintiff is seeking money damages. See ECF no. 56, pg. 30._ |
| Count V - Negligence as to Board Defendants. _See_ _id._ at 33-34.<br><br>/ / /<br>/ / /<br>/ / / | Count VI - Negligence as to Board Defendants (Second Amended Complaint) _See_ ECF No. 47, pgs. 27-28.<br><br>_Motion to dismiss granted with leave to amend as to this claim. See ECF No. 56, pg. 31._ |

| | |
|---|---|
| Count VI - Civil conspiracy. <u>See</u> <u>id.</u> at 34-36. | Count VII – Civil Conspiracy (Second Amended Complaint) <u>See</u> ECF No. 47, pgs. 28-29.<br><br>*Motion to dismiss granted with leave to amend as to this claim. <u>See</u> ECF No. 56, pg. 32.* |
| Count VII - Private and public nuisance. <u>See</u> <u>id.</u> at 36-37. | Count IX – Nuisance (Second Amended Complaint) <u>See</u> ECF No. 47, pgs. 29-30.<br><br>*Motion to dismiss granted as to nuisance per se, granted with leave to amend as to public nuisance and denied as to private nuisance. <u>See</u> ECF No. 56, pg. 38.* |
| Count VIII - Violation of the covenant of good faith and fair dealing. <u>See</u> <u>id.</u> at 37-38. | Count X - Violations of the Covenant of Good Faith and Fair Dealing (Second Amended Complaint) <u>See</u> ECF No. 47, pg. 30.<br><br>*Motion to dismiss granted as to covenant of good faith and fair dealing but denied as to contractual breaches. <u>See</u> ECF No. 56, pg. 40.* |
| Count IX - Void official acts. <u>See</u> <u>id.</u> at 38. | Count XI – Purported Official Acts of the Board Defendants are Void (Second Amended Complaint) <u>See</u> ECF No. 47, pgs. 30-31.<br><br>*Motion to dismiss granted with leave to amend as to this claim. <u>See</u> ECF No. 56, pg. 43.* |
| Count X - Violation of the Bane Act as to Board Defendants and Lee Buckley. 38- 39. | Count XII – Violation of Bane Act by Board Defendants and Lee Buckley (Second Amended Complaint) <u>See</u> ECF No. 47, pg. 31.<br><br>*Motion to dismiss denied as to this claim. <u>See</u> ECF No. 56, pg. 44.* |
| Count XI - Breach of contract. <u>See</u> <u>id.</u> at 39. | Count X - Violations of the Covenant of Good Faith and Fair Dealing (Second Amended Complaint) <u>See</u> ECF No. 47, pg. 30.<br><br>*Motion to dismiss granted as to covenant of good faith and fair dealing but denied as to contractual breaches. <u>See</u> ECF No. 56, pg. 40.* |
| Count XII - Punitive damages. <u>See</u> <u>id.</u> | Count XIII – Punitive Damages (Second Amended Complaint)<br><br>*Court did not address punitive damages. <u>See</u> ECF No. 56, pg. 45.* |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

9

## II. DISCUSSION

In their motion to dismiss, Defendants argue that the Court should dismiss this action in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's continued failure to "plead in compliance with the court's orders and with the Federal Rules of Civil Procedure." ECF No. 66-1, pg. 2. Defendants alternatively seek dismissal under Rule 12(b)(6) of certain specific counts in Plaintiff's third amended complaint. See id. Defendants further contend that "Plaintiff has. . . abused the court's leave to amend by adding new claims to the TAC [third amended compliant] which were not stated in the SAC [second amended complaint], including a claim previously dismissed from Plaintiff's First Amended Complaint without leave to amend." Id. at 2.

### A.    Claims Previously Dismissed Without Leave to Amend

#### 1.    Federal Claims

The following federal claims alleged in the first amended complaint have been dismissed without leave to amend: Count IV (Deprivation of Right to Vote – Conspiracy for Deprivation of Rights – 42 U.S.C. 1985); Count VI (Violation of Title VII of the Civil Rights Act – Unlawful Retaliation); Count VII (Retaliation in Employment by HFPD, Board Defendants; 42 U.S.C. 300j-9(i)); Count VIII (Retaliation by HFPD and Board Defendants; 18 U.S.C. 1513(e)); and Count IX (Violation of 42 U.S.C. 1985 as to HFPD, Board Defendants).

Plaintiff has renumbered his conspiracy claim from Count VI to Count V. In federal Count IV of the first amended complaint, Plaintiff alleged that Defendants engaged in a conspiracy to deprive Plaintiff of his right to vote. See ECF No. 23, pgs. 20-21. In federal Count V of the third amended complaint, Plaintiff alleges a civil conspiracy, but not with respect to Plaintiff's right to vote. See ECF No. 65, pgs. 26-28. Current federal Count V is, therefore, not foreclosed by the Court's prior ruling as to Count VI in the first amended complaint.

In federal Count IX of the first amended complaint, Plaintiff alleged, again, conspiracy. See ECF No. 23, pgs. 25-26. Specifically, Plaintiff claimed Defendants conspired to interfere with his position as Administrator/General Manager of HFPD. See id. at 25. In federal Count V of the third amended complaint, Plaintiff alleges a conspiracy to interfere with his

1    position as Administrator/General Manager of HFPD.  See ECF No. 65, pgs. 26-28.  While Count

2    V of the third amended complaint is not foreclosed by the Court's prior ruling on Count VI of the

3    first amended complaint, the Court agrees with Defendants that Count V of the third amended

4    complaint is foreclosed by dismissal of Count IX of the first amended complaint.  The Court will

5    recommend that Defendants' motion be granted as to Count V of the third amended complaint,

6    which has previously been dismissed.

7         In federal Counts VI, VII, and VIII of the first amended complaint, Plaintiff

8    alleged various claims of retaliation.  See ECF No. 23, pgs. 22-24.  In Count VI, Plaintiff alleged

9    employment retaliation in violation of Title VII of the Civil Rights Act of 1964. See id. at 22-23.

10   In Count VII, Plaintiff alleged whistleblower retaliation with respect to actions to enforce clean

11   drinking water regulations, in violation of 42 U.S.C. § 300j-9(i).  See id. at 23-24. In Count VIII,

12   Plaintiff alleged criminal retaliation in violation of 18 U.S.C. § 1513(e). See id. at 24. Plaintiff's

13   federal Count IV in the third amended complaint alleges, among other things, retaliation against

14   Plaintiff for his having reported claimed abuses by HFPD and individual Defendants with respect

15   to management of HFPD.  See ECF No. 65, pgs. 25-26.  The Court agrees with Defendants that

16   such retaliation claims are subsumed within the various retaliation claims dismissed with

17   prejudice from the first amended complaint or otherwise proceeding in Count I.  Therefore,

18   federal Count IV in the third amended complaint cannot proceed under a retaliation theory.

19        Plaintiff alleged a stand-alone retaliation claim, Count I, in the first and second

20   amended complaints, which was not dismissed. See ECF No. 56, pgs. 22-23 In the third amended

21   complaint, Plaintiff reiterated this stand-alone retaliation claim, Count I. Thus, Count I of the

22   third amended complaint should proceed.

23        2.    State Law Claims

24        The following state law claims have been dismissed from the second amended

25   complaint without leave to amend: Count III (Violations of Government Code Section 1090 and

26   87100 – Self-Dealing); Count V (Violation of Article I, section 2, of the California Constitution);

27   Count IX (nuisance per se); and Count X (Violations of the Covenant of Good Faith and Fair

28   Dealing).  See ECF No. 56.

11

1    Plaintiff's state law Count IV of the third amended complaint has been previously

2    dismissed (as state law Count V of the second amended complaint) to the extent that Plaintiff was

3    seeking monetary damages. See id. at 30. Given Plaintiff amended this claim to only seek

4    injunctive relief, Plaintiff's state law Count IV remains cognizable.  Plaintiff's state law Count

5    VIII of the third amended complaint has also previously been dismissed (as state law Count X of

6    the second amended complaint). See ECF No. 56, pg. 40. Therefore, the undersigned will

7    recommend dismissal of Count VIII.

8         **B.    New Claims Added Without Leave of Court**

9              1.    Federal Claims

10    The following federal claims alleged in the second amended complaint have been

11    dismissed with leave to amend: Count II (Due Process and Equal Protection); Count III (Right to

12    Petition, Vote); and Count IV (Due Process, Equal Protection, Right to Free Speech, Right to

13    Petition, as to Morin, Buckley, and HFPD). See ECF No. 56.  As discussed above, the Court finds

14    that federal Count V as alleged in the third amended complaint is foreclosed because that claim

15    was previously dismissed without leave to amend.  The Court also finds that the portion of federal

16    Count IV as alleged in the third amended complaint based on retaliation is foreclosed as having

17    been previously dismissed without leave to amend.  Plaintiff appears to have re-crafted and re-

18    numbered his federal conspiracy claim in the third amended complaint. Plaintiff added an

19    allegation of a due process violation based on his protected interest in voting. See ECF No. 65,

20    pgs. 15-18. However, as discussed below, Plaintiff was granted leave to amend his due process

21    claim regarding a specific protected interest, not in voting. Thus, a due process claim based on his

22    interest in voting is a new claim that Plaintiff was not granted leave of court to include.[1]

23    / / /

24    / / /

25    / / /

26
_____

27         [1]    The Court notes, even if Plaintiff properly alleged this due process claim based on his interest in
     voting for municipal bylaw changes, that is not a constitutionally protected interest. Cf. Reynolds v. Sims, 377 U.S.
28    533, 554 (1964) (holding that "the Constitution of the United States protects the right of all qualities citizens to vote,
     in state as well as federal elections." (emphasis added)).

1          2.     State Law Claims

As with the federal claims, Plaintiff has re-crafted and re-numbered his various state law claims in the third amended complaint.  However, the Court does not find that Plaintiff included new claims that were not previously raised in the third amended complaint. In the second amended complaint, Plaintiff alleged Count X as a violation of good faith and fair dealing and contractual breach. See ECF No. 47, pg. 30. In the third amended complaint, Plaintiff separated this out into Count VIII, violation of covenant of good faith and fair dealing, and Count XI, breach of contract. As noted above, because Plaintiff's Count X was dismissed without leave to amend as to the violation of the covenant of good faith and fair dealing, Count VIII of the third amended complaint is not cognizable. However, Plaintiff's Count XI can proceed as the Court reads this as a rearticulation of what was previously Count X, rather than a new claim added without leave of court.

**C.    Claims Previously Dismissed With Leave to Amend**

1.    Federal Claims

As to claims previously dismissed with leave to amend, Defendants' argument is twofold.  First, Defendants contend that Plaintiff's third amended complaint continues to fall short of the threshold pleading standards of Federal Rule of Civil Procedure 8, as well as the Court's prior orders, and that, as a result, the entire action should be dismissed as an appropriate sanction pursuant to Federal Rule of Civil Procedure 41(b).  Second, Defendants argue that, due to Plaintiff's continued failure to plead in compliance with Rule 8, Plaintiff fails to state claims upon which relief can be granted and that such claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

In support of their request that this action be dismissed its entirety pursuant to Rule 41(b), Defendants offer the following background comments:

> Plaintiff filed the TAC [third amended complaint] pursuant to the court's partial grant of Defendants' motion to dismiss the Second Amended Complaint ("SAC").  The SAC consisted of four federal law claims and thirteen state law claims.  Plaintiff was given leave to amend three of the four federal claims and eight of the thirteen state law claims.
> Overall, the TAC fails to make material changes to the claims Plaintiff was permitted to amend, as discussed below.  Plaintiff has now

1
2

had multiple opportunities to amend these claims to state a valid cause of action but has failed to do so.  Defendants respectfully request the court dismiss those claims without further leave to amend.

3

ECF No. 66-1, pg. 2.

4

Pursuant to Rule 41(b), "If the plaintiff fails to prosecute or to comply with these

5

rules or a court order, a defendant may move to dismiss the action or any claim against it."  See

6

Fed. R. Civ. P. 41(b).  The Court must weigh five factors before imposing the harsh sanction of

7

involuntary dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000);

8

Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are: (1) the

9

public's interest in expeditious resolution of litigation; (2) the Court's need to manage its own

10

docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of

11

cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v.

12

Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  Dismissal has been held to be an appropriate

13

sanction for failure to follow local rules, see Ghazali, 46 F.3d at 53, failure to comply with an

14

order to file an amended complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.

15

1992), failure to inform the district court and parties of a change of address pursuant to local

16

rules, see Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), failure to appear at

17

trial, see Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996), and discovery abuses, see

18

Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993).

19

The Court finds that Defendants' Rule 41(b) argument is well-taken. While the

20

Court must construe pro se pleadings liberally, at some point the Court must insist on compliance

21

with Rule 8, which is designed to provide Defendants with fair notice of the specific of Plaintiff's

22

claims such that they can fairly mount a defense. Here, certain claims within Plaintiff's third

23

amended complaint fail to do so despite numerous attempts at amendment and guidance provided

24

by this Court.  The Court found that Claims II and III alleged in prior pleadings were subject to

25

dismissal and Plaintiff was provided leave to amend. By providing leave to amend these Claims,

26

Plaintiff had an opportunity to remedy the deficiencies as the Court described them. Rather than

27

address these deficiencies, Plaintiff reiterated the claims exactly as before. Therefore, as to

28

Claims II and III, Plaintiff's continued failure to comply with Rule 8 warrants dismissal under

1    Rule 41(b).  See McHenry, 84 F.3d 1172. The undersigned will recommend such dismissal.

2          As to Claim IV, the Court dismissed the claim with leave to amend because

3    Plaintiff did not provide facts to support a due process nor equal protection claim. See ECF No.

4    56, pg. 21. In the third amended complaint, Plaintiff added an argument about exhaustion and the

5    below language to Claim IV, but the claim was otherwise repeated from the second amended

6    complaint. Plaintiff again failed to make any argument as to equal protection.

7          As to Plaintiff's due process claim, the Court previously granted leave to amend

8    Plaintiff's due process claim "[b]ecause, however, Plaintiff may have a protected property interest

9    as a public employee and may possibly state sufficient facts to state a claim." ECF No. 56, pg. 19.

10   The Court takes the below addition as an attempt to address the deficiencies in Plaintiff's

11   assertion of a liberty interest:

12            These Defendants also thus seized Plaintiffs individual, employment, positional,
              and contractual rights and privileges; and, his contractual duties and benefits,
13            without any notice, opportunity for hearing, nor any actual hearing relating to any
              allegations of wrongful conduct on his part, and/or any other "good cause" basis
14            for emasculation of his status and/or position, and ultimate removal.

15          ECF No. 65, pg. 25.

16          Defendants argue in their motion to dismiss that Plaintiff "did not state facts to

17   establish a property interest in his employment per the court's  order." ECF No. 66-1, pg. 6. The

18   Court agrees. Plaintiff's general, legally conclusory claim of "individual, employment, positional,

19   and contractual rights and privileges" does not establish a property interest in Plaintiff's

20   employment.  Thus, Plaintiff's failure to address the deficiencies in Claim IV, after being

21   provided leave to amend, warrants dismissal of Claim IV with prejudice.  The undersigned will

22   recommend such dismissal.

23          2.    State Law Claims

24          In resolving the prior motion to dismiss the second amended complaint, the Court

25   dismissed the following state law claims with leave to amend:  Count II (Negligence); Count VI

26   (Negligence as to Morin and Buckley); Count VII (Conspiracy); Count VIII (Intentional Infliction

27   of Emotional Distress); Count IX (Public Nuisance); and Count XI (Violation of the Brown Act).

28   See ECF Nos. 56, 62.

Count II and Count V[2] were previously dismissed with leave to amend because the allegations were conclusory, referenced dozens of laws without identifying the duty or standard of care, and therefore did not provide Defendants with fair notice. See ECF No. 56, pgs. 24, 31. In the third amended complaint, Plaintiff was a bit more specific but still fails to properly give notice to Defendants. As to Count II, Plaintiff added "[a]ll of the Defendants were under a duty of care imposed by the Health and Safety Code, the Vehicle Code, the HFPD Bylaws, their status as fiduciaries to the HFPD and the residents of the District, and by Plaintiff's contract with the HFPD." ECF No. 65, pg. 30. As to Count V, Plaintiff added "the HFPD, Board Defendants, Lee Buckley, and Joseph Hott, owed a duty to Plaintiff to: reasonably conform their conduct to the law of the United States, the State of California, and the HFPD Bylaws; and, as fiduciaries to the District, and the taxpayers, residents, and citizens thereof." Id. at 33. Defendants argue that Plaintiff "made no meaningful amendment of this claim." The Court agrees. The way the Plaintiff's negligence claims are pled leaves Defendants and the Court guessing as to what specific duty was owed by which Defendants and which allegations constituted a breach of said duty. See Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678. Merely adding the legally conclusory language stating that Defendants breached a general "duty of care" under the listed laws does not address the deficiencies previously identified by the Court. Thus, the undersigned recommends that Count II and Count V be dismissed without leave to amend.

Plaintiff's conspiracy claim, here Count VI, was previously dismissed with leave to amend because Plaintiff failed to identify an actionable tort that was the basis of Defendants' alleged collusion. See ECF No. 56, pg. 32. Defendants argue that the third amended complaint did not resolve this defect. See ECF No. 66-1, pg. 8. The Court disagrees. Plaintiff linked this conspiracy claim with two underlying torts, a constitutional tort arising from the violation of Plaintiff's free speech rights, and public nuisance.[3] As to the constitutional tort, Plaintiff contends that Defendants acted "to retaliate against Plaintiff for his religious practice, political positions, and attempts to exercise his

---

[2]    Count VI in the Second Amended Complaint. See ECF No. 47, pgs. 27-28.
[3]    To the extent that Plaintiff alleges that Defendants' negligent actions were part of a conspiracy, the Court notes that it is legally impossible to conspire to commit negligence. See Land v. Credit Suisse Grp. Sec. (USA) Ltd. Liab. Co., 720 F. App'x 860, 862 n.3 (9th Cir. 2018) (holding that "conspiracy requires an agreement to perform some unlawful act. As such, one cannot conspire to commit a negligent act.").

16

1    authority . . . and, to retaliate for Plaintiff's assistance (sic) others in making complaints to

2    government agencies, and for making such complaints himself, concerning the Defendants and/or the

3    operation of the HFDP." ECF No. 65, pg. 11. Thus, Plaintiff's federal claim Count I provides an

4    underlying tort for Plaintiff's conspiracy claim. As to public nuisance, Plaintiff asserts that

5    Defendants "willfully and knowingly plac[ed] Plaintiff and the public at risk by ratifying,

6    encouraging, and/or participating in the driving of uncertified, faulty, unregisters, and uninsured

7    vehicles upon the streets." Id. These facts are the basis of Plaintiff's public nuisance claim, discussed

8    further below. Thus, Plaintiff linked his conspiracy claim to two of his tort claims, providing the

9    underlying tort necessary for a conspiracy claim.

10          Previously, the Court found Plaintiff's private nuisance claim to be cognizable and

11   granted leave to amend as to his public nuisance claim. See ECF No. 56, pg. 38.  In the current third

12   amended complaint, Plaintiff alleged that Defendants improper use of fire department vehicles harms

13   the general public because it leaves them without protection from their fire department, which "puts

14   all of the properties and homes Hornbrook at great (unreasonable) risk." ECF No. 65, pgs. 36-37. The

15   Court finds this meets the minimum required showing for a public nuisance claim. Thus, the Court

16   finds Count VII alleging both public and private nuisance should proceed.

17          The Court previously dismissed Plaintiff's Brown Act claim, with leave to amend. See

18   ECF No. 56, pg. 43. In the third amended complaint, Plaintiff realleged the same facts as before in

19   Count IX but simply removed the reference to the Brown Act. See ECF No. 65, pg. 38. Plaintiff did

20   not address the deficiencies identified by the Court despite having the opportunity to do so. Thus, the

21   undersigned finds dismissal of Count IX is warranted and will recommend such dismissal.

22          **D.    State Claims Previously Identified as Cognizable**

23          As to Count I, which was also Count I in the second amended complaint, the Court

24   previously said "the Court expresses no opinion on the viability of an action under the bylaws. But

25   because Defendants did not brief that issue, the Court will not address it. The undersigned

26   recommends that the District Court deny the motion to dismiss on Plaintiff's first state law count."

27   ECF No. 56, pgs. 22-23. Again, Defendants provided no argument specific to Count I in their motion

28   to dismiss. See ECF No. 66. Thus, the Court will maintain the recommendation that Plaintiff's state

1   claim Count I proceed.

2             Count III, previously Count IV in second amended complaint, and Count X,

3   previously Count XII in second amended complaint, were identified as cognizable. See ECF No. 56.

4   Defendants offer no new arguments in their motion to dismiss specific to those claims. See ECF No.

5   66. As such, those claims should proceed.

6        **E.**     **Recommended Disposition of Claims**

7        The following summarizes this Court's recommendations, as detailed in the above analysis:

8           1.     Federal Claims

| Third Amended Complaint Claims | Recommended Disposition |
|---|---|
| Count I - Violations of Plaintiff's right to freedom of speech and petition.  See ECF No. 65, pgs. 18-20. | Claim remains cognizable and should proceed. |
| Count II - Violations of right to due process regarding employment, the HFPD bylaws, and voting.  See id. at 20-23. | Despite being granted leave to amend, Plaintiff did not address deficiencies. Dismissal recommended. |
| Count III - Deprivation of free speech/petition and right to vote in violation of due process. See id. at 23-24. | Despite being granted leave to amend, Plaintiff did not address deficiencies. Dismissal recommended. |
| Count IV - Violation of rights to due process, free speech and petition, retaliation, as to HFPD and the Board Defendants.  See id. at 25-26. | Claim was previously dismissed and should not be permitted now. |
| Count V - Civil conspiracy in violation of 42 U.S.C. §§ 1983 and 1985. See id. at 26-28 | Claim was previously dismissed, and should not be permitted now. |

           2.     State Law Claims

| Third Amended Complaint Claims | Recommended Disposition |
|---|---|
| Count I - Violations of HFPD bylaws.  See ECF No. 65, pgs. 28-30. | Claim remains cognizable and should proceed. |
| Count II – Negligence. See id. at 30-31. | Despite being granted leave to amend, Plaintiff did not address deficiencies. Dismissal recommended. |
| Count III - Retaliation in employment.  See id. at 31-33. | Claim remains cognizable and should proceed. |
| Count IV - Violation of Article 1, section 2, of the California Constitution.  See id. at 33. | Claim is cognizable insofar as Plaintiff seeks injunctive relief and should proceed. |

| Count V - Negligence as to Board Defendants.  See id. at 33-34. | Despite being granted leave to amend, Plaintiff did not address deficiencies. Dismissal recommended. |
|---|---|
| Count VI - Civil conspiracy.  See id. at 34-36. | Despite being granted leave to amend, Plaintiff did not address deficiencies. Dismissal recommended. |
| Count VII - Private and public nuisance.  See id. at 36-37. | Claims remain cognizable and should proceed. |
| Count VIII - Violation of the covenant of good faith and fair dealing.  See id. at 37-38. | Claim was previously dismissed. |
| Count IX - Void official acts.  See id. at 38. | Despite being granted leave to amend, Plaintiff did not address deficiencies. Dismissal recommended. |
| Count X - Violation of the Bane Act as to Board Defendants and Lee Buckley.  38- 39. | Claim remains cognizable and should proceed. |
| Count XI - Breach of contract.  See id. at 39. | Claim remains cognizable and should proceed. |
| Count XII  - Punitive damages.  See id. | Court does not address punitive damages. |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1   / / /

2                                **III.  CONCLUSION**

3           Based on the foregoing, the undersigned orders and recommends as follows:

4           1.        It is ORDERED that the findings and recommendations issued on March

5   29, 2024, ECF No. 74, are **VACATED**.

6           2.        It is RECOMMENDED that Defendants' motion to dismiss, ECF No. 66,

7   be **GRANTED IN PART** and **DISMISSED IN PART** as explained herein.

8           These amended findings and recommendations are submitted to the United States

9   District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14

10  days after being served with these amended findings and recommendations, any party may file

11  written objections with the Court. Responses to objections shall be filed within 14 days after

12  service of objections. Failure to file objections within the specified time may waive the right to

13  appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14

15  Dated:  March 26, 2025

16                                              _____
                                                DENNIS M. COTA
17                                              UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28